# Exhibit B

# K&L GATES

May 19, 2023

David J. Garraux
David.Garraux@klgates.com

T +1 412 355 6580
F +1 412 355 6501

**VIA FEDERAL EXPRESS
and CERTIFIED MAIL, R.R.R.**

Joseph D. Talarico, Esq.
Talarico, Paladino & Berg
2150 Koppers Building
436 Seventh Ave.
Pittsburgh, PA 15219

Re:   Derek Rogers' Unlawful Activity Directed Towards RIG Consulting, Inc.

Dear Mr. Talarico,

This Firm is counsel to RIG Consulting, Inc. ("RIG" or the "Company") in connection with certain matters involving its former employee and your client, Derek Rogers ("Mr. Rogers").

Since his departure from RIG and transition to H.W. Lochner, Inc. ("Lochner"), Mr. Rogers has aggressively pursued an unlawful, unfairly competitive campaign against both RIG and its President and CEO, Sharmon Winters ("Ms. Winters"). Together with Brian Hansel ("Mr. Hansel"), Mr. Rogers has misappropriated and disseminated RIG's trade secrets, tortiously interfered with RIG's relationships with both existing and prospective employees and existing and prospective clients and partners, and repeatedly made defamatory statements regarding RIG and Ms. Winters. There is no doubt as to Mr. Rogers' malicious and destructive intent in undertaking these acts, as Mr. Rogers and Mr. Hansel clearly communicated their mission to "tear down" the Company upon their exit. Mr. Rogers' conduct is unlawful, improper, and must cease immediately.

Our investigation to date has uncovered evidence that Messrs. Rogers and Hansel, in advance of leaving RIG and without RIG's consent, secretly collected and had Mr. Hansel send to his personal email address RIG's proprietary, confidential, and trade secret information. Mr. Rogers and Mr. Hansel have since unlawfully used that information, which includes financial and operational documents as well as personnel materials, to further their scheme of unlawfully undermining RIG's business, as further detailed below. RIG also is aware that after their departure from the Company, Messrs. Rogers and Hansel contacted RIG's then-Director of Finance and

Administration, James Wachner, in an effort to improperly solicit even more of RIG's confidential financial information. As we expect you know, such activity is not only a violation of the fiduciary duties that Mr. Rogers owed to RIG as its Vice President and of RIG's express Confidential Information Policy governing employees, but also constitutes misappropriation of trade secrets in violation of both federal and state law. Mr. Rogers' trade secret misappropriation entitles RIG to significant damages in the form of both RIG's actual losses and disgorgement of Mr. Rogers' profits, as well as exemplary damages for your client's willful and malicious misappropriation.

Further, Mr. Rogers has publicly made multiple defamatory statements regarding RIG. Specifically, Mr. Rogers has made false and misleading claims that disparage RIG's stability, dependability, capability of meeting client requirements, and viability as a going concern. Among other instances, RIG is aware that Mr. Rogers openly disparaged RIG and Ms. Winters at a public meeting of the American Council of Engineering Companies of Pennsylvania (ACEC/PA). We also have reason to believe that Mr. Rogers is disseminating baseless accusations of financial misconduct by RIG and Ms. Winters. Prior to Mr. Rogers' resignation and departure, Ms. Winters invited your client to discuss any issues that might be on his mind. Mr. Rogers, however, refused that meeting, instead choosing to depart for a competitor and use his new position as a base from which to continue disseminating malicious lies. RIG cannot permit Mr. Rogers to continue his smear campaign against RIG in flagrant disregard of the truth. RIG's impressive reputation within the industry is critical to its long-term success. Further, our client values its relationships with its employees, its clients, and government officials, and has a demonstrated track record of consistently meeting and exceeding expectations. Mr. Rogers' reckless, malicious, and categorically false statements directly harm that hard-earned reputation and have caused serious, quantifiable, and ongoing damages, for which RIG is entitled to compensation.

Moreover, Mr. Rogers has initiated a targeted, calculated scheme to interfere with RIG's critical business relationships. More specifically, after leaving RIG, Mr. Rogers, acting together with Mr. Hansel, contacted numerous RIG employees, both within the home office and the field, to provide them with false and misleading information regarding RIG in an effort to persuade them to leave RIG's employ. These employees include Neal Daley, Jacob Youra, Georgia Rosetti, Beverly McGarry, Ken Kyler, Robert Reader, and Robert Vaux, among others. Mr. Rogers has diverted employees from RIG (sometimes to Lochner, sometimes to Foresight Construction Services, LLC, of which Mr. Rogers' long-time girlfriend is the owner, and sometimes to other market competitors), specifically intending to interfere with RIG's ability to perform on its current and prospective contracts.

Beyond attempts to orchestrate an employee exodus from RIG, Mr. Rogers has also directly disseminated defamatory statements to RIG's clients, prime contractors, and other existing and prospective partners in the industry in a bid to tortiously interfere with RIG's working relationships

and divert profits from RIG.  Mr. Rogers' efforts to cripple RIG's ability to operate are particularly objectionable in light of RIG's status as both a Woman-Owned Business and a Disadvantaged Business Enterprise (DBE) under various programs administered by federal and state government, including the U.S. and Pennsylvania Departments of Labor.  RIG's status under those programs entitles it to, *inter alia*, certain protections in its dealings with prime contractors, with which Mr. Rogers has sought to interfere.  We expect that this may be of particular concern to Mr. Rogers' new employer, Lochner, which benefits from numerous government contracts; we intend to notify Lochner of RIG's concerns regarding its employee's misconduct.

We are learning new, troubling information regarding Mr. Rogers' escalating interference with RIG on a daily basis.  We are also in the process of forensically imaging Messrs. Rogers' and Hansel's RIG-issued cell phone and computer devices, and expect that review of their contents will yield additional damning evidence against your client.  As our investigation of Mr. Rogers' unlawful activities is ongoing, this letter is sent with all rights reserved.

RIG demands that Mr. Rogers immediately cease and desist from: (i) making any defamatory or disparaging statements regarding RIG, whether orally or in writing, (ii) tortiously soliciting RIG's current and prospective employees, (iii) misappropriating trade secrets and confidential information, and (iv) interfering with RIG's relationships with current and prospective clients.  RIG likewise demands that Mr. Rogers return or destroy, and certify the return or destruction of, all RIG information in his possession, custody, or control.  Any further unlawful actions by Mr. Rogers that interrupt RIG's business or harm RIG in any way will only increase your client's financial liability to RIG, which is already very significant.

RIG cannot and will not tolerate unlawful meddling in its business affairs; the Company is fully prepared to protect its interests and to seek all appropriate damages for the harm Mr. Rogers has already inflicted.

Very truly yours,

David J. Garraux

cc:   Anna Shabalov, Esq. (via email)
      Kira M. Geary, Esq. (via email)

# K&L GATES

May 19, 2023

David J. Garraux
David.Garraux@klgates.com

T +1 412 355 6580
F +1 412 355 6501

**VIA ELECTRONIC MAIL
and CERTIFIED MAIL, R.R.R.**

Brian Benestad, Esq.
HKM Employment Attorneys LLP
220 Grant Street, Suite 401
Pittsburgh, PA  15219

Re:   Brian Hansel's Unlawful Activity Directed Towards RIG Consulting, Inc.

Dear Mr. Benestad,

This Firm is counsel to RIG Consulting, Inc. ("RIG" or the "Company") in connection with certain matters involving its former employee and your client, Brian Hansel ("Mr. Hansel").

Since his departure from RIG and transition to H.W. Lochner, Inc. ("Lochner"), Mr. Hansel has aggressively pursued an unlawful, unfairly competitive campaign against both RIG and its President and CEO, Sharmon Winters ("Ms. Winters").  Together with Derek Rogers ("Mr. Rogers"), Mr. Hansel has misappropriated and disseminated RIG's trade secrets, tortiously interfered with RIG's relationships with both existing and prospective employees and existing and prospective clients and partners, and repeatedly made defamatory statements regarding RIG and Ms. Winters.  There is no doubt as to Mr. Hansel's malicious and destructive intent in undertaking these acts, as Mr. Hansel declared upon leaving RIG that he would "tear down" the Company.  Mr. Hansel's conduct is unlawful, improper, and must cease immediately.

Our investigation to date has uncovered evidence that Mr. Hansel, in advance of leaving RIG and without RIG's consent, secretly collected and sent to his personal email address RIG's proprietary, confidential, and trade secret information, sharing that information with Mr. Rogers.  Mr. Hansel and Mr. Rogers have since unlawfully used that information, which includes financial and operational documents as well as personnel materials, to further their scheme of unlawfully undermining RIG's business, as further detailed below.  RIG is also aware that, subsequent to their coordinated departure from the Company, Messrs. Hansel and Rogers contacted RIG's then-Director of Finance and Administration, James Wachner, in an effort to improperly solicit even more of RIG's confidential financial information.  As we expect you know, such activity is not

only a violation of RIG's express Confidential Information Policy governing employees, but also constitutes misappropriation of trade secrets in violation of both federal and state law. Mr. Hansel's trade secret misappropriation entitles RIG to significant damages in the form of both RIG's actual losses and disgorgement of Mr. Hansel's profits, as well as exemplary damages for your client's willful and malicious misappropriation.

Further, Mr. Hansel has made multiple defamatory statements regarding RIG. Specifically, Mr. Hansel has made false and misleading claims that disparage RIG's stability, dependability, capability of meeting client requirements, and viability as a going concern. We also have reason to believe that Mr. Hansel is disseminating baseless accusations of financial misconduct by RIG and Ms. Winters. Having already plotted his course to leave the Company, Mr. Hansel flung empty accusations at Ms. Winters before his abrupt, unilateral resignation and departure from RIG. In response, Ms. Winters volunteered that she would look into the matter and report back, but Mr. Hansel, executing on his pre-existing plan, did not wait to hear back from Ms. Winters and instead quit to join Lochner only a few hours later. He now seeks to recast his resignation as retaliatory termination, further underscoring Mr. Hansel's intended objectives. Mr. Hansel's purported concerns were never raised in good faith; instead, he has apparently chosen to continue disseminating malicious lies. We now understand that Mr. Hansel, who unquestionably resigned to join Mr. Rogers at Lochner, purports to threaten claims under the Taxpayer First Act in a transparent bid to extract monies to which he is not entitled. RIG cannot permit Mr. Hansel to continue his smear campaign against RIG in flagrant disregard of the truth. RIG's impressive reputation within the industry is critical to its long-term success. Further, our client values its relationships with its employees, its clients, and government officials, and has a demonstrated track record of consistently meeting and exceeding expectations. Mr. Hansel's reckless, malicious, and categorically false statements directly harm that hard-earned reputation and have caused serious, quantifiable, and ongoing damages, for which RIG is entitled to compensation.

Moreover, Mr. Hansel has initiated a targeted, calculated scheme to interfere with RIG's critical business relationships. More specifically, after leaving RIG, Mr. Hansel, acting together with Mr. Rogers, contacted numerous RIG employees, both within the home office and the field, to provide them with false and misleading information regarding RIG in an effort to persuade them to leave RIG's employ. These employees include Neal Daley, Jacob Youra, Georgia Rosetti, Beverly McGarry, Ken Kyler, Robert Reader, and Robert Vaux, among others. Mr. Hansel has facilitated the diversion of employees from RIG (sometimes to Lochner, sometimes to Foresight Construction Services, LLC, of which Mr. Rogers' long-time girlfriend is the owner, and sometimes to other market competitors), specifically intending to interfere with RIG's ability to perform on its current and prospective contracts.

Beyond attempts to orchestrate an employee exodus from RIG, Mr. Hansel has also directly disseminated defamatory statements to RIG's clients, prime contractors, and other existing and prospective partners in the industry in a bid to tortiously interfere with RIG's working relationships and divert profits from RIG. Mr. Hansel's efforts to cripple RIG's ability to operate are particularly objectionable in light of RIG's status as both a Woman-Owned Business and a Disadvantaged Business Enterprise (DBE) under various programs administered by federal and state government, including the U.S. and Pennsylvania Departments of Labor. RIG's status under those programs entitles it to, *inter alia*, certain protections in its dealings with prime contractors, with which Mr. Hansel has sought to interfere. We expect that this may be of particular concern to Mr. Hansel's new employer, Lochner, which benefits from numerous government contracts; we intend to notify Lochner of RIG's concerns regarding its employee's misconduct.

We are learning new, troubling information regarding Mr. Hansel's escalating interference with RIG on a daily basis. We are also in the process of forensically imaging Messrs. Hansel's and Rogers' RIG-issued cell phone and computer devices, and expect that review of their contents will yield additional damning evidence against your client. As our investigation of Mr. Hansel's unlawful activities is ongoing, this letter is sent with all rights reserved.

RIG demands that Mr. Hansel immediately cease and desist from: (i) making any defamatory or disparaging statements regarding RIG, whether orally or in writing, (ii) tortiously soliciting RIG's current and prospective employees, (iii) misappropriating trade secrets and confidential information, and (iv) interfering with RIG's relationships with current and prospective clients. RIG likewise demands that Mr. Hansel return or destroy, and certify the return or destruction of, all RIG information in his possession, custody, or control. Any further unlawful actions by Mr. Hansel that interrupt RIG's business or harm RIG in any way will only increase your client's financial liability to RIG, which is already very significant.

RIG cannot and will not tolerate unlawful meddling in its business affairs; the Company is fully prepared to protect its interests and to seek all appropriate damages for the harm Mr. Mr. Hansel has already inflicted.

Very truly yours,

David J. Garraux

cc:   Anna Shabalov, Esq. (via email)
      Kira M. Geary, Esq. (via email)

3