# Exhibit C

# K&L GATES

June 16, 2023

David J. Garraux
David.Garraux@klgates.com

T +1 412 355 6580
F +1 412 355 6501

**VIA ELECTRONIC MAIL**
**and CERTIFIED MAIL, R.R.R.**

Mr. Jim Doyna
Chief Operating Officer & Chief Financial Officer
H.W. Lochner, Inc.
225 W Washington Street, 12th Floor
Chicago, IL 60606
jdoyna@hwlochner.com

Mr. Michael Kirchner, PMP
Senior Vice President, Chief Governance Officer
H.W. Lochner, Inc.
225 W Washington Street, 12th Floor
Chicago, IL 60606
mkirchner@hwlochner.com

**Re:    Brian Hansel's and Derek Rogers' Unlawful Activity Directed Towards RIG Consulting, Inc.**

Dear Messrs. Doyna and Kirchner,

This Firm is counsel to RIG Consulting, Inc. ("RIG" or the "Company") in connection with certain matters involving its former employees Brian Hansel ("Mr. Hansel") and Derek Rogers ("Mr. Rogers"). We understand that both Mr. Hansel and Mr. Rogers are currently employed by H.W. Lochner, Inc. ("Lochner").

We write to make Lochner aware of certain unlawful, unfairly competitive actions that Messrs. Hansel and Rogers have taken against RIG since becoming employed by Lochner. Since departing RIG's employ, Messrs. Hansel and Rogers have misappropriated RIG's confidential and/or trade secret information, have made malicious, defamatory statements regarding RIG and RIG's CEO, Sharmon Winters, and have deployed that misappropriation and defamation to tortiously interfere with RIG's relationships with both existing and prospective employees, as well as existing and prospective clients and partners. We have sent separate letters to the respective counsel of Messrs.

Hansel and Rogers further detailing RIG's concerns regarding their unlawful behavior, including actions implicating Lochner.

Of particular concern is the fact that your employees' unlawful campaign to undermine RIG violates applicable obligations under the Federal Acquisition Regulations ("FAR"). As you know, those regulations require contractors to promote an organizational culture that encourages ethical conduct and compliance with the law, and to conduct themselves with the highest degree of integrity and honesty.  Mr. Hansel's and Mr. Rogers' malicious targeting of RIG falls far short of that standard of conduct, and is especially egregious in light of RIG's status as both a Woman-Owned Business and a Disadvantaged Business Enterprise ("DBE") under various programs administered by federal and state government, including the U.S. and Pennsylvania Departments of Labor.  We expect that Lochner, as a regular beneficiary of state and federally funded contracts, is well aware that RIG's status under those programs entitles RIG to, *inter alia*, certain protections in its dealings with prime contractors.  Since taking up employment with Lochner, Mr. Hansel and Mr. Rogers have repeatedly – and to RIG's great detriment – interfered with RIG's dealings with prime contractors, in direct violation of those protections.

It is our understanding that Messrs. Hansel and Rogers are or will be performing for Lochner work that is substantially similar, if not identical, to the work they performed for RIG.  As such, our concerns regarding, *inter alia*, the misappropriation of trade secrets and confidential information – along with your colleagues' tortious interference – are especially amplified.  In fact, our computer forensics partner has identified dozens of instances in which Mr. Hansel sent RIG materials to his personal email account during the time period immediately preceding the conclusion of his employment with RIG.  This wholesale transfer of RIG's confidential and/or proprietary information was supported by a whopping 64 separate download events initiated by Mr. Hansel.  For his part, Mr. Rogers downloaded RIG materials onto a thumb drive on December 23rd, just as he attempted to move a full 6,000 files to his recycle bin.  It is our hope that Lochner appreciates the gravity of RIG's concerns regarding Messrs. Hansel and Rogers; we anticipate that Lochner will take all necessary measures to respect the trade secrets and confidential information belonging to RIG while unambiguously reminding its employees of their ongoing obligations relative to those materials.

Finally, and while RIG is continuing its thorough review of deeply troubling communications involving Messrs. Hansel and Rogers in the weeks before they joined your organization, RIG continues to become aware of additional, disturbing facts involving your employees' ongoing, purposeful meddling with our client's business operations.  As noted above, we have already been in touch with counsel for both Messrs. Hansel and Rogers, both of whom are copied on this communication.  As RIG anticipates that, at least as to Messrs. Hansel and Rogers, further action will likely be required, we ask that Lochner ensure that any records in its possession, custody, or

control regarding Mr. Hansel's and Mr. Rogers' employment and/or the subject matter of this letter are appropriately preserved.

We appreciate your anticipated cooperation.

Very truly yours,

David J. Garraux

cc:   Anna Shabalov, Esq. (via email)
      Kira M. Geary, Esq. (via email)
      Brian Benestad, Esq. (via email)
      Joseph Talarico, Esq. (via U.S. Mail)

3