**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| RIG CONSULTING, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO: 2:23-cv-1286 |
| | ) | |
| DEREK ROGERS, BRIAN M. HANSEL, | ) | |
| and DAVID HADAD, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT BRIAN HANSEL'S ANSWER TO COMPLAINT AND AFFIRMATIVE AND OTHER DEFENSES

Defendant Brian Hansel ("Defendant"), by and through his undersigned counsel, hereby responds to the correspondingly numbered paragraphs of the Complaint filed by RIG Consulting, Inc. ("RIG") and asserts his affirmative and other defenses, as follows:

## INTRODUCTION [1]

1.      Defendant states that the allegations in paragraph 1 set forth legal conclusions and questions of law, to which no response is required.  To the extent a response is required, Defendant denies all allegations in paragraph 1 that pertain to him. As for the allegations in paragraph 1 of the Complaint that do not pertain to him, Defendant lacks sufficient knowledge or information to form a belief as to said allegations and therefore denies the same.

2.      Defendant admits that he was employed by RIG from September 1, 2010 to December 22, 2022. Defendant denies all remaining allegations in paragraph 2 that pertain to him. As for the allegations in paragraph 2 of the Complaint that do not pertain to him, Defendant lacks

---

[1] Defendant repeats the headings found in Plaintiff's Complaint for organizational purposes only and inclusion of the headings herein does not constitute an admission of any allegations that may be contained in such headings.

sufficient knowledge or information to form a belief as to said allegations and therefore denies the same.

3.      Defendant admits that RIG terminated his employment on December 22, 2022. Defendant denies all remaining allegations in paragraph 3 that pertain to him. As for the allegations in paragraph 3 of the Complaint that do not pertain to him, Defendant lacks sufficient knowledge or information to form a belief as to said allegations and therefore denies the same.

4.      Defendant denies all allegations in paragraph 4 that pertain to him. As for the allegations in paragraph 4 of the Complaint that do not pertain to him, Defendant lacks sufficient knowledge or information to form a belief as to said allegations and therefore denies the same.

5.      Defendant denies all allegations in paragraph 5 that pertain to him. As for the allegations in paragraph 5 of the Complaint that do not pertain to him, Defendant lacks sufficient knowledge or information to form a belief as to said allegations and therefore denies the same

6.      Defendant states that the allegations in paragraph 6 set forth legal conclusions and questions of law, to which no response is required.  To the extent a response is required, Defendant denies all allegations in paragraph 6 that pertain to him. As for the allegations in paragraph 6 of the Complaint that do not pertain to him, Defendant lacks sufficient knowledge or information to form a belief as to said allegations and therefore denies the same.

7.      Defendant states that the allegations in paragraph 7 set forth legal conclusions and questions of law, to which no response is required.  To the extent a response is required, Defendant denies all allegations in paragraph 7 that pertain to him. As for the allegations in paragraph 7 of the Complaint that do not pertain to him, Defendant lacks sufficient knowledge or information to form a belief as to said allegations and therefore denies the same.

## PARTIES

8.       Defendant lacks sufficient knowledge or information to form a belief as to the allegations in paragraph 8 of the Complaint and therefore denies the same.

9.       Defendant lacks sufficient knowledge or information to form a belief as to the allegations in paragraph 9 of the Complaint and therefore denies the same.

10.       Defendant Hansel admits that he resides at 87 Kendrick Road, Houtzdale, Pennsylvania 16651. Defendant Hansel admits that he is currently employed by Lochner as a Construction Engineering and Inspection Manager at the Harrisburg, Pennsylvania office. Defendant denies the remaining allegations in paragraph 10 of the Complaint.

11.       Defendant lacks sufficient knowledge or information to form a belief as to the allegations in paragraph 11 of the Complaint and therefore denies the same.

## JURISDICTION AND VENUE

12.       Defendant states that the allegations in paragraph 12 set forth legal conclusions and questions of law, to which no response is required.  To the extent a response is required, Defendant admits that subject matter jurisdiction is proper here. Defendant denies all remaining allegations in paragraph 12 of the Complaint.

13.       Defendant states that the allegations in paragraph 13 set forth legal conclusions and questions of law, to which no response is required.  To the extent a response is required, Defendant admits that he resides within this district. As for the remaining allegations in paragraph 13 of the Complaint, Defendant lacks sufficient knowledge or information to form a belief as to said allegations and therefore denies the same.

14.       Defendant states that the allegations in paragraph 14 set forth legal conclusions and questions of law, to which no response is required.  To the extent a response is required, Defendant

72024757;4

admits that he resides within this district. As for the remaining allegations in paragraph 14 of the Complaint, Defendant lacks sufficient knowledge or information to form a belief as to said allegations and therefore denies the same.

## FACTUAL ALLEGATIONS

15.     Defendant lacks sufficient knowledge or information to form a belief as to the allegations in paragraph 15 of the Complaint and therefore denies the same.

16.     Defendant denies the allegations in paragraph 16 of the Complaint.

17.     Defendant denies the allegations in paragraph 17 of the Complaint.

18.     Defendant denies the allegations in paragraph 18 of the Complaint.

19.     Defendant denies the allegations in paragraph 19 of the Complaint.

20.     Defendant denies the allegations in paragraph 20 of the Complaint.

21.     Defendant denies the allegations in paragraph 21 of the Complaint.

22.     Defendant denies the allegations in paragraph 22 of the Complaint.

23.     Defendant lacks sufficient knowledge or information to form a belief as to the allegations in paragraph 23 of the Complaint and therefore denies the same. Defendant further states that RIG has not attached any exhibit containing its alleged Confidential Information Policy and that any such written document would speak for itself.

24.     Defendant lacks sufficient knowledge or information to form a belief as to the allegations in paragraph 24 of the Complaint and therefore denies the same.

25.     Defendant lacks sufficient knowledge or information to form a belief as to the allegations in paragraph 25 of the Complaint and therefore denies the same.

26.     Defendant admits that RIG hired him on September 1, 2010 as a Construction Services Manager. Defendant admits that he was employed by RIG from September 1, 2010 to

72024757;4

December 22, 2022. Defendant denies the remaining allegations in paragraph 26 of the Complaint as stated.

27.     Defendant lacks sufficient knowledge or information to form a belief as to the allegations in paragraph 27 of the Complaint and therefore denies the same.

28.      Defendant denies the allegations in paragraph 28 that pertain to him. As for the allegations in paragraph 28 of the Complaint that do not pertain to him, Defendant lacks sufficient knowledge or information to form a belief as to said allegations and therefore denies the same.

29.     Defendant denies the allegations in paragraph 29 that pertain to him. As for the allegations in paragraph 29 of the Complaint that do not pertain to him, Defendant lacks sufficient knowledge or information to form a belief as to said allegations and therefore denies the same.

30.      Defendant admits that a videoconference occurred on December 22, 2022, that was attended by Defendant Hansel, Defendant Rogers, and Ms. Sharmon Winters, CEO of RIG ("Ms. Winters"). Defendant admits that during this videoconference, he raised certain concerns about RIG's finances, including, but not limited to, seemingly disproportional payments to Ms. Winter's family members for RIG related work as well as expenditures that appeared unrelated to the business of RIG and for the personal benefit of Ms. Winters. Defendant denies all remaining allegations in paragraph 30 that pertain to him. As for the allegations in paragraph 30 of the Complaint that do not pertain to him, Defendant lacks sufficient knowledge or information to form a belief as to said allegations and therefore denies the same.

31.     Defendant denies the allegations in paragraph 31 that pertain to him. As for the allegations in paragraph 31 of the Complaint that do not pertain to him, Defendant lacks sufficient knowledge or information to form a belief as to said allegations and therefore denies the same.

72024757;4

Defendant further states that RIG has not attached any exhibit containing the alleged email and that any such written document would speak for itself.

32.     Defendant denies the allegations in paragraph 32 that pertain to him. As for the allegations in paragraph 32 of the Complaint that do not pertain to him, Defendant lacks sufficient knowledge or information to form a belief as to said allegations and therefore denies the same.

33.     Defendant admits that on December 22, 2022, Ms. Winters requested a telephone call with Defendant. Defendant admits that a telephone conference involving Ms. Winters, Christina Santillo (an HR employee for RIG), and Defendant occurred on December 22, 2022. Defendant admits that Ms. Winters took the telephone call on speaker phone and did not disclose that Ms. Santillo was present for the call. Defendant admits that it was his understanding that Ms. Winters and him were the only parties to the conversation. Defendant admits that he did not learn Ms. Santillo had been a party to the entire conversation until she spoke up much later during the call. Defendant denies all remaining allegations in paragraph 33 of the Complaint.

34.     Defendant denies the allegations in paragraph 34 of the Complaint.

35.     Defendant denies the allegations in paragraph 35 of the Complaint.

36.     Defendant admits that he downloaded certain RIG-related materials while employed at RIG. Defendant denies all remaining allegations in paragraph 36 of the Complaint, including, but not limited to, sub-parts (a) – (e).

37.      Defendant admits that he downloaded certain RIG-related materials while employed at RIG. Defendant denies all remaining allegations in paragraph 37 of the Complaint, including, but not limited to, sub-parts (a) – (e).

- 6 -

38.     Defendant denies the allegations in paragraph 38 that pertain to him. As for the allegations in paragraph 38 of the Complaint that do not pertain to him, Defendant lacks sufficient knowledge or information to form a belief as to said allegations and therefore denies the same.

39.     Defendant lacks sufficient knowledge or information to form a belief as to the allegations in paragraph 39 of the Complaint and therefore denies the same.

40.     Defendant admits that he had access to certain RIG-related materials while employed at RIG. Defendant denies the remaining allegations in paragraph 40 that pertain to him. As for the allegations in paragraph 40 of the Complaint that do not pertain to him, Defendant lacks sufficient knowledge or information to form a belief as to said allegations and therefore denies the same.

41.     Defendant denies the allegations in paragraph 41 of the Complaint. Defendant states that RIG has not attached any exhibit containing the alleged email referenced in this paragraph and further states that any such written document would speak for itself.

42.     Defendant lacks sufficient knowledge or information to form a belief as to the allegations in paragraph 42 of the Complaint and therefore denies the same.

43.     Defendant lacks sufficient knowledge or information to form a belief as to the allegations in paragraph 43 of the Complaint and therefore denies the same.

44.     Defendant lacks sufficient knowledge or information to form a belief as to the allegations in paragraph 44 of the Complaint and therefore denies the same.

45.     Defendant lacks sufficient knowledge or information to form a belief as to the allegations in paragraph 45 of the Complaint and therefore denies the same.

46.     Defendant denies the allegations in paragraph 46 that pertain to him, as stated. As for the allegations in paragraph 46 of the Complaint that do not pertain to him, Defendant lacks

72024757;4

sufficient knowledge or information to form a belief as to said allegations and therefore denies the same. Defendant states that RIG has not attached any exhibit containing the alleged post from LinkedIn referenced in this paragraph and further states that any such written document would speak for itself.

47.    Defendant denies the allegations in paragraph 47 that pertain to him, as stated. As for the allegations in paragraph 47 of the Complaint that do not pertain to him, Defendant lacks sufficient knowledge or information to form a belief as to said allegations and therefore denies the same.

48.    Defendant states that the allegations in paragraph 48 of the Complaint appear to derive from a written document that is attached as Exhibit A to the Complaint, and Defendant further states that any written document speaks for itself. Thus, Defendant denies any allegations contained in paragraph 48 that are inconsistent with the written material in the aforementioned document.

49.    Defendant admits that during his employment with RIG, he visited the websites of other companies within the construction industry, including Lochner. Defendant denies the remaining allegations in paragraph 49 of the Complaint.

50.    Defendant admits that Mr. Gargan is his superior at Lochner. Defendant lacks sufficient knowledge or information to form a belief as to the allegations in paragraph 50 of the Complaint and therefore denies the same. Defendant states that RIG has not attached any exhibit including the alleged email referenced in this paragraph and further states that any such written document would speak for itself.

51.     Defendant denies the allegations in paragraph 51 that pertain to him. As for the allegations in paragraph 51 of the Complaint that do not pertain to him, Defendant lacks sufficient knowledge or information to form a belief as to said allegations and therefore denies the same.

52.     Defendant admits that he has communicated with Mr. James Wachner since being terminated by RIG. Defendant denies the remaining allegations in paragraph 52 that pertain to him. As for the allegations in paragraph 52 of the Complaint that do not pertain to him, Defendant lacks sufficient knowledge or information to form a belief as to said allegations and therefore denies the same.

53.     Defendant denies the allegations in paragraph 53 that pertain to him. As for the allegations in paragraph 53 of the Complaint that do not pertain to him, Defendant lacks sufficient knowledge or information to form a belief as to said allegations and therefore denies the same.

54.     Defendant denies the allegations in paragraph 54 that pertain to him. As for the allegations in paragraph 54 of the Complaint that do not pertain to him, Defendant lacks sufficient knowledge or information to form a belief as to said allegations and therefore denies the same.

55.     Defendant denies the allegations in paragraph 55 that pertain to him. As for the allegations in paragraph 55 of the Complaint that do not pertain to him, Defendant lacks sufficient knowledge or information to form a belief as to said allegations and therefore denies the same.

56.     Defendant denies the allegations in paragraph 56 that pertain to him. As for the allegations in paragraph 56 of the Complaint that do not pertain to him, Defendant lacks sufficient knowledge or information to form a belief as to said allegations and therefore denies the same.

57.     Defendant denies the allegations in paragraph 57 that pertain to him. As for the allegations in paragraph 57 of the Complaint that do not pertain to him, Defendant lacks sufficient knowledge or information to form a belief as to said allegations and therefore denies the same.

72024757;4

58.     Defendant denies the allegations in paragraph 58 that pertain to him. As for the allegations in paragraph 58 of the Complaint that do not pertain to him, Defendant lacks sufficient knowledge or information to form a belief as to said allegations and therefore denies the same.

59.     Defendant denies the allegations in paragraph 59 that pertain to him. As for the allegations in paragraph 59 of the Complaint that do not pertain to him, Defendant lacks sufficient knowledge or information to form a belief as to said allegations and therefore denies the same.

60.     Defendant denies the allegations in paragraph 60 that pertain to him. As for the allegations in paragraph 60 of the Complaint that do not pertain to him, Defendant lacks sufficient knowledge or information to form a belief as to said allegations and therefore denies the same.

61.     Defendant denies the allegations in paragraph 61 that pertain to him. As for the allegations in paragraph 61 of the Complaint that do not pertain to him, Defendant lacks sufficient knowledge or information to form a belief as to said allegations and therefore denies the same.

62.     Defendant admits that his counsel, Brian Benestad, received a letter from RIG dated May 19, 2023, and that Exhibit B appears to contain a true and accurate copy of the letter that was received. Defendant denies the remaining allegations in paragraph 62 that pertain to him. Defendant states that the alleged letter is a written document that speaks for itself. As for the allegations in paragraph 62 of the Complaint that do not pertain to him, Defendant lacks sufficient knowledge or information to form a belief as to said allegations and therefore denies the same.

63.     Defendant admits that his counsel, Brian Benestad, sent an email on May 20, 2023, to RIG regarding the letter Mr. Benestad received from RIG dated May 19, 2023. Defendant denies the remaining allegations in paragraph 63. Defendant states that the Complaint has no exhibit attached that includes the alleged email referenced in this paragraph and further states that any such written document would speak for itself.

64.     Defendant lacks sufficient knowledge or information to form a belief as to the allegations in paragraph 64 and therefore denies the same.

65.     Defendant admits that RIG sent a letter to his employer Lochner that included allegations about Defendant's conduct. Defendant denies all remaining allegations in paragraph 65 that pertain to him. Defendant states that the alleged letter is a written document that speaks for itself. As for the allegations in paragraph 65 of the Complaint that do not pertain to him, Defendant lacks sufficient knowledge or information to form a belief as to said allegations and therefore denies the same.

66.     Defendant lacks sufficient knowledge or information to form a belief as to the allegations in paragraph 66 and therefore denies the same.

67.     Defendant lacks sufficient knowledge or information to form a belief as to the allegations in paragraph 67 and therefore denies the same.

68.     Defendant denies the allegations in paragraph 68 that pertain to him. As for the allegations in paragraph 68 of the Complaint that do not pertain to him, Defendant lacks sufficient knowledge or information to form a belief as to said allegations and therefore denies the same.

69.     Defendant lacks sufficient knowledge or information to form a belief as to the allegations in paragraph 69 and therefore denies the same.

70.     Defendant lacks sufficient knowledge or information to form a belief as to the allegations in paragraph 70 and therefore denies the same.

71.     Defendant lacks sufficient knowledge or information to form a belief as to the allegations in paragraph 71 and therefore denies the same.

72024757;4

72.     Defendant denies the allegations in paragraph 72 that pertain to him. As for the allegations in paragraph 72 of the Complaint that do not pertain to him, Defendant lacks sufficient knowledge or information to form a belief as to said allegations and therefore denies the same.

73.     Defendant lacks sufficient knowledge or information to form a belief as to the allegations in paragraph 73 and therefore denies the same.

74.     Defendant lacks sufficient knowledge or information to form a belief as to the allegations in paragraph 74 and therefore denies the same.

75.     Defendant lacks sufficient knowledge or information to form a belief as to the allegations in paragraph 75 and therefore denies the same.

76.     Defendant denies the allegations in paragraph 76 that pertain to him. As for the allegations in paragraph 76 of the Complaint that do not pertain to him, Defendant lacks sufficient knowledge or information to form a belief as to said allegations and therefore denies the same.

**COUNT I**
**Federal Defend Trade Secrets Act (18 U.S.C. 1836 et seq.)**
*All defendants*

77.     Defendant reasserts his responses to paragraphs 1-76 as if set forth fully herein.

78.     Defendant states the allegations in paragraph 78 set forth legal conclusions and questions of law, to which no response is required.  To the extent a response is required, Defendant denies the allegations in paragraph 78 of the Complaint.

79.     Defendant denies the allegations in paragraph 79 of the Complaint.

80.     Defendant denies the allegations in paragraph 80 of the Complaint.

81.     Defendant denies the allegations in paragraph 81 of the Complaint.

82.     Defendant denies the allegations in paragraph 82 of the Complaint.

83.     Defendant denies the allegations in paragraph 83 of the Complaint.

72024757;4

84.     Defendant denies the allegations in paragraph 84 of the Complaint.

85.     Defendant denies the allegations in paragraph 85 of the Complaint.

86.     Defendant denies the allegations in paragraph 86 of the Complaint.

87.     Defendant denies the allegations in paragraph 87 of the Complaint.

88.     Defendant denies the allegations in paragraph 88 of the Complaint.

89.     Defendant denies the allegations in paragraph 89 that pertain to him. As for the allegations in paragraph 89 of the Complaint that do not pertain to him, Defendant lacks sufficient knowledge or information to form a belief as to said allegations and therefore denies the same.

90.     Defendant denies the allegations in paragraph 90 that pertain to him. As for the allegations in paragraph 90 of the Complaint that do not pertain to him, Defendant lacks sufficient knowledge or information to form a belief as to said allegations and therefore denies the same.

91.     Defendant denies the allegations in paragraph 91 that pertain to him. As for the allegations in paragraph 91 of the Complaint that do not pertain to him, Defendant lacks sufficient knowledge or information to form a belief as to said allegations and therefore denies the same.

92.     Defendant denies the allegations in paragraph 92 that pertain to him. As for the allegations in paragraph 92 of the Complaint that do not pertain to him, Defendant lacks sufficient knowledge or information to form a belief as to said allegations and therefore denies the same.

93.     Defendant denies the allegations in paragraph 93 that pertain to him. As for the allegations in paragraph 93 of the Complaint that do not pertain to him, Defendant lacks sufficient knowledge or information to form a belief as to said allegations and therefore denies the same.

94.     Defendant lacks sufficient knowledge or information to form a belief as to the allegations in paragraph 94 and therefore denies the same.

72024757;4

95.     Defendant denies the allegations in paragraph 95 that pertain to him. As for the allegations in paragraph 95 of the Complaint that do not pertain to him, Defendant lacks sufficient knowledge or information to form a belief as to said allegations and therefore denies the same.

96.     Defendant denies the allegations in paragraph 96 that pertain to him. As for the allegations in paragraph 96 of the Complaint that do not pertain to him, Defendant lacks sufficient knowledge or information to form a belief as to said allegations and therefore denies the same.

97.     Defendant denies the allegations in paragraph 97 that pertain to him. As for the allegations in paragraph 97 of the Complaint that do not pertain to him, Defendant lacks sufficient knowledge or information to form a belief as to said allegations and therefore denies the same.

98.     Defendant denies the allegations in paragraph 98 of the Complaint.

99.     Defendant denies the allegations in paragraph 99 that pertain to him. As for the allegations in paragraph 99 of the Complaint that do not pertain to him, Defendant lacks sufficient knowledge or information to form a belief as to said allegations and therefore denies the same.

## COUNT II
## Pennsylvania Uniform Trade Secrets Act (12 Pa. C.S.A. § 5301 *et seq.*)
*All defendants*

100.    Defendant reasserts his responses to paragraphs 1-99 as if set forth fully herein.

101.    Defendant states the allegations in paragraph 101 set forth legal conclusions and questions of law, to which no response is required.  To the extent a response is required, Defendant denies the allegations in paragraph 101 of the Complaint.

102.    Defendant denies the allegations in paragraph 102 of the Complaint.

103.    Defendant denies the allegations in paragraph 103 of the Complaint.

104.    Defendant denies the allegations in paragraph 104 of the Complaint.

105.    Defendant denies the allegations in paragraph 105 of the Complaint.

72024757;4

106.     Defendant denies the allegations in paragraph 106 of the Complaint.

107.     Defendant denies the allegations in paragraph 107 that pertain to him. As for the allegations in paragraph 107 of the Complaint that do not pertain to him, Defendant lacks sufficient knowledge or information to form a belief as to said allegations and therefore denies the same.

108.     Defendant denies the allegations in paragraph 108 that pertain to him. As for the allegations in paragraph 108 of the Complaint that do not pertain to him, Defendant lacks sufficient knowledge or information to form a belief as to said allegations and therefore denies the same.

109.     Defendant denies the allegations in paragraph 109 that pertain to him. As for the allegations in paragraph 109 of the Complaint that do not pertain to him, Defendant lacks sufficient knowledge or information to form a belief as to said allegations and therefore denies the same.

110.     Defendant denies the allegations in paragraph 110 that pertain to him. As for the allegations in paragraph 110 of the Complaint that do not pertain to him, Defendant lacks sufficient knowledge or information to form a belief as to said allegations and therefore denies the same.

111.     Defendant lacks sufficient knowledge or information to form a belief as to the allegations in paragraph 111 and therefore denies the same.

112.     Defendant denies the allegations in paragraph 112 that pertain to him. As for the allegations in paragraph 112 of the Complaint that do not pertain to him, Defendant lacks sufficient knowledge or information to form a belief as to said allegations and therefore denies the same.

113.     Defendant denies the allegations in paragraph 113 of the Complaint.

114.     Defendant denies the allegations in paragraph 114 that pertain to him. As for the allegations in paragraph 114 of the Complaint that do not pertain to him, Defendant lacks sufficient knowledge or information to form a belief as to said allegations and therefore denies the same.

72024757;4

**COUNT III**
**Unauthorized Access in Violation of Computer Fraud and Abuse Act (18 U.S.C. § 1030)**
*Defendant Hadad*

115.    Defendant reasserts his responses to paragraphs 1-114 as if set forth fully herein.

116.    Defendant lacks sufficient knowledge or information to form a belief as to the allegations in paragraph 116 and therefore denies the same.

117.    Defendant lacks sufficient knowledge or information to form a belief as to the allegations in paragraph 117 and therefore denies the same.

118.    Defendant lacks sufficient knowledge or information to form a belief as to the allegations in paragraph 118 and therefore denies the same.

119.    Defendant lacks sufficient knowledge or information to form a belief as to the allegations in paragraph 119 and therefore denies the same.

120.    Defendant lacks sufficient knowledge or information to form a belief as to the allegations in paragraph 120 and therefore denies the same.

**COUNT IV**
**Civil Conspiracy**
*All Defendants*

121.    Defendant reasserts his responses to paragraphs 1-120 as if set forth fully herein.

122.    Defendant denies the allegations in paragraph 122 that pertain to him. As for the allegations in paragraph 122 of the Complaint that do not pertain to him, Defendant lacks sufficient knowledge or information to form a belief as to said allegations and therefore denies the same.

123.    Defendant denies the allegations in paragraph 123 that pertain to him. As for the allegations in paragraph 123 of the Complaint that do not pertain to him, Defendant lacks sufficient knowledge or information to form a belief as to said allegations and therefore denies the same.

124.     Defendant denies the allegations in paragraph 124 that pertain to him. As for the allegations in paragraph 124 of the Complaint that do not pertain to him, Defendant lacks sufficient knowledge or information to form a belief as to said allegations and therefore denies the same.

125.     Defendant denies the allegations in paragraph 125 that pertain to him. As for the allegations in paragraph 125 of the Complaint that do not pertain to him, Defendant lacks sufficient knowledge or information to form a belief as to said allegations and therefore denies the same.

126.     Defendant denies the allegations in paragraph 126 that pertain to him. As for the allegations in paragraph 126 of the Complaint that do not pertain to him, Defendant lacks sufficient knowledge or information to form a belief as to said allegations and therefore denies the same.

### COUNT V
### <u>Tortious Interference with Existing Contractual Relations</u>
*Defendants Rogers and Hansel*

127.     Defendant reasserts his responses to paragraphs 1-120 as if set forth fully herein.

128.     Defendant denies the allegations in paragraph 128 that pertain to him. As for the allegations in paragraph 128 of the Complaint that do not pertain to him, Defendant lacks sufficient knowledge or information to form a belief as to said allegations and therefore denies the same.

129.     Defendant denies the allegations in paragraph 129 that pertain to him. As for the allegations in paragraph 129 of the Complaint that do not pertain to him, Defendant lacks sufficient knowledge or information to form a belief as to said allegations and therefore denies the same.

130.     Defendant denies the allegations in paragraph 130 that pertain to him. As for the allegations in paragraph 130 of the Complaint that do not pertain to him, Defendant lacks sufficient knowledge or information to form a belief as to said allegations and therefore denies the same.

131.    Defendant denies the allegations in paragraph 131 that pertain to him. As for the allegations in paragraph 131 of the Complaint that do not pertain to him, Defendant lacks sufficient knowledge or information to form a belief as to said allegations and therefore denies the same.

132.    Defendant denies the allegations in paragraph 132 that pertain to him. As for the allegations in paragraph 132 of the Complaint that do not pertain to him, Defendant lacks sufficient knowledge or information to form a belief as to said allegations and therefore denies the same.

133.    Defendant denies the allegations in paragraph 133 that pertain to him. As for the allegations in paragraph 133 of the Complaint that do not pertain to him, Defendant lacks sufficient knowledge or information to form a belief as to said allegations and therefore denies the same.

134.    Defendant denies the allegations in paragraph 134 that pertain to him. As for the allegations in paragraph 134 of the Complaint that do not pertain to him, Defendant lacks sufficient knowledge or information to form a belief as to said allegations and therefore denies the same.

**COUNT VI**
**<u>Tortious Interference with Prospective Contractual Relations</u>**
*Defendants Rogers and Hansel*

135.    Defendant reasserts his responses to paragraphs 1-134 as if set forth fully herein.

136.    Defendant denies the allegations in paragraph 136 of the Complaint.

137.    Defendant denies the allegations in paragraph 137 of the Complaint.

138.    Defendant denies the allegations in paragraph 138 that pertain to him. As for the allegations in paragraph 138 of the Complaint that do not pertain to him, Defendant lacks sufficient knowledge or information to form a belief as to said allegations and therefore denies the same.

139.    Defendant denies the allegations in paragraph 139 that pertain to him. As for the allegations in paragraph 139 of the Complaint that do not pertain to him, Defendant lacks sufficient knowledge or information to form a belief as to said allegations and therefore denies the same.

140.    Defendant denies the allegations in paragraph 140 that pertain to him. As for the allegations in paragraph 140 of the Complaint that do not pertain to him, Defendant lacks sufficient knowledge or information to form a belief as to said allegations and therefore denies the same.

141.    Defendant denies the allegations in paragraph 141 that pertain to him. As for the allegations in paragraph 141 of the Complaint that do not pertain to him, Defendant lacks sufficient knowledge or information to form a belief as to said allegations and therefore denies the same.

142.    Defendant denies the allegations in paragraph 142 that pertain to him. As for the allegations in paragraph 142 of the Complaint that do not pertain to him, Defendant lacks sufficient knowledge or information to form a belief as to said allegations and therefore denies the same.

143.    Defendant denies the allegations in paragraph 143 that pertain to him. As for the allegations in paragraph 143 of the Complaint that do not pertain to him, Defendant lacks sufficient knowledge or information to form a belief as to said allegations and therefore denies the same.

144.    Defendant denies the allegations in paragraph 144 that pertain to him. As for the allegations in paragraph 144 of the Complaint that do not pertain to him, Defendant lacks sufficient knowledge or information to form a belief as to said allegations and therefore denies the same.

145.    Defendant denies all allegations or claims of entitlement to relief contained in the unnumbered paragraph beginning with "WHEREFORE," including, but not limited to, subparts (i) – (v).

146.    Defendant denies all allegations contained in the Complaint not specifically admitted herein.

## <u>AFFIRMATIVE AND OTHER DEFENSES</u>

In addition to the foregoing, Defendant alleges and asserts the affirmative and other defenses set forth herein.  By pleading these affirmative and other defenses, Defendant does not

72024757;4

assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiff.    By setting forth the following affirmative and other defenses, Defendant does not waive his right to assert additional defenses as the facts of this action develop.

## FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

Plaintiff's claims under the Defend Trade Secrets Act ("DTSA") or the Pennsylvania Uniform Trade Secrets Act ("PUTSA") (collectively, the "Acts") are barred because all of the information and/or documents allegedly misappropriated by Defendant does not qualify as a trade secret under either of the Acts. None of said information and/or documents has actual or potential independent economic value from not being generally known or readily ascertainable by others. RIG also did not take reasonable measures to keep said information and/or documents secret. In addition, the alleged trade secrets derive from publicly available information and/or industry knowledge. None of said information and/or documents could be reasonably viewed as proprietary or confidential.

## THIRD DEFENSE

Plaintiff's claims are barred under the DTSA or PUTSA because Defendant did not misappropriate any alleged trade secrets under the Acts since Defendant did not improperly acquire, use, or disclose any alleged trade secrets.

## FOURTH DEFENSE

Plaintiff's claims are barred under the DTSA or PUTSA because no duty or expectation of confidentiality attached or existed with respect to the alleged trade secrets that were allegedly misappropriated.

72024757;4

## FIFTH DEFENSE

Plaintiff's claims under the DTSA or PUTSA fail because Defendant did not misappropriate any alleged trade secrets under these Acts since said information and/or documents can be independently derived from industry knowledge and/or publicly available information, including, but not limited to, information and documents provided by the Pennsylvania Department of Transportation.

## SIXTH DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff has waived or is estopped to assert its rights under the DTSA, PUTSA, or any of the other claims brought against Defendant.

## SEVENTH DEFENSE

Plaintiff's recovery is barred to the extent that Plaintiff has failed to mitigate its damages.

## EIGHTH DEFENSE

Plaintiff's claim for civil conspiracy is barred because Defendant did not enter an agreement with Defendant Rogers and/or Defendant Hadad or act in concert with either of them. Alternatively, Plaintiff's claim for civil conspiracy is barred because Defendant did not act in concert with Defendant Rogers in an unlawful way or to achieve an unlawful purpose.

## NINTH DEFENSE

Plaintiff's claim for civil conspiracy is barred because Defendant did not act with malice towards or intent to injure RIG.

## TENTH DEFENSE

Plaintiff's claim for tortious interference with existing contractual relations is barred because Plaintiff has not plead and cannot prove the existence of contracts with third parties.

72024757;4

## ELEVENTH DEFENSE

Plaintiff's claim for tortious interference with prospective contractual relations is barred because Plaintiff has not sufficiently plead and cannot sufficiently prove the existence of prospective contracts with third parties. Alternatively, said claim is barred because Plaintiff bases its alleged prospective contractual relationships exclusively on existing or current relationships leading to another contract.

## TWELFTH DEFENSE

Plaintiff's claims for tortious interference with existing contractual relations and tortious interference with prospective contractual relations (collectively, the "Interference Claims") are barred because Defendant did not induce RIG's employees to leave RIG, divert employees from RIG, and/or has not caused employees to leave RIG, as alleged in the Complaint. Such claims are also barred because Defendant did not make any false or misleading claims about RIG's operations or finances to RIG's employees or alleged customers, as alleged in the Complaint.

## THIRTEENTH DEFENSE

Plaintiff's Interference Claims are barred because no actions taken by Defendant were made with any intent to harm an existing contract and/or relationship or to prevent a prospective contract or relation from occurring.

## FOURTEENTH DEFENSE

Plaintiff's Interference Claims are barred because Plaintiff's alleged damages were not caused, either directly or proximately, by Defendant.

## FIFTEENTH DEFENSE

Plaintiff's claim for tortious interference with prospective contractual relations is barred because Plaintiff cannot prove there is a reasonable likelihood that the alleged prospective

72024757;4

contracts and/or relationships would have occurred but for Defendant's actual actions.

## SIXTEENTH DEFENSE

Plaintiff's Interference Claims are barred because Plaintiff has sufficiently failed to plead and cannot prove that Defendant acted without privilege or justification, including, but not limited to, acting with business and professional motivations and/or acting in the best interests of public morality and welfare.

## SEVENTEENTH DEFENSE

The claims asserted, and/or relief sought, by Plaintiff against Defendant are or may be barred, in whole or in part, due to additional defenses that cannot now be articulated by Defendant based on the information he has to date concerning Plaintiff's claims.  As such, Defendant reserves his right to supplement this Answer and raise additional defenses as may become applicable upon further amplification and understanding of Plaintiff's claims and/or discovery of information presently unknown to Defendant.

Date: August 10, 2023

Respectfully submitted,

*/s/ Thomas Pasternak*
Thomas Pasternak
Illinois Bar No. 6207512 (*pro hac vice* pending)
thomas.pasternak@akerman.com
Akerman LLP
71 South Wacker Drive
47th Floor
Chicago, Illinois 60606
(312) 634-5700 – Telephone
(312) 424-1900 – Facsimile

Samuel Z. Wesley
Georgia Bar No. 665076 (*pro hac vice* pending)
samuel.wesley@akerman.com
Akerman LLP
999 Peachtree Street, NE
Suite 1700
Atlanta, Georgia 30309

72024757;4

(404) 733-9812 – Telephone
(404) 733-9912 – Facsimile

*Counsel for Defendant Brian Hansel*

72024757;4

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 10, 2023, I electronically filed the foregoing **DEFENDANT BRIAN HANSEL'S ANSWER TO COMPLAINT AND AFFIRMATIVE AND OTHER DEFENSES** with the Clerk of Court using the CM/ECF system notice and a copy of the foregoing to the following attorneys of record:

> David J. Garraux
> david.garraux@klgates.com
> Anna Shabalov
> anna.shabalov@klgates.com
> Kira Geary
> kira.geary@klgates.com
> **K&L Gates LLP**
> K&L Gates Center
> 210 Sixth Avenue
> Pittsburgh, PA 15222

> */s/ Thomas G. Pasternak*
> Thomas G. Pasternak

72024757;4