**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| RIG CONSULTING, INC.,<br><br>Plaintiff,<br><br>v.<br><br>DEREK ROGERS, BRIAN M. HANSEL, and<br>DAVID HADAD,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 2:23-cv-1286-RJC |

<u>**MEMORANDUM ORDER OF COURT**</u>

Robert J. Colville, United States District Judge

Before the Court are a number of discovery motions filed by the parties in this matter, related briefing filed by both parties and non-parties, and a motion filed by Plaintiff/Counter-Defendant RIG Consulting, Inc. ("RIG") seeking "consolidation" of a state court case with this one. While the parties have filed a number of relevant docket entries, the issues presented therein are not overly complex, and the Court perceives little benefit at this time to stating a detailed description of the factual background or procedural history of this case. Briefly, Defendant Derek Rogers ("Rogers"), Defendant/Counter-Plaintiff Brian M. Hansel ("Hansel"), and Defendant David Hadad ("Hadad") (collectively, "Defendants") are former RIG employees. RIG's claims arise out of an alleged scheme and conspiracy between the Defendants to misappropriate and disseminate RIG's trade secrets and to interfere with RIG's relationships with its employees, clients, and partners. ECF No. 35 at 2. With respect to the issues currently before the Court, it suffices to say that, since its inception, discovery has proven contentious in this matter, resulting

in several deadline continuances and the scheduling of two telephonic discovery status conferences within three months of each other to discuss disputes that have arisen during discovery. The Court recently resolved several motions related to discovery deadlines and scheduling, and now addresses the remaining substantive motions herein. The Court has jurisdiction in this matter pursuant to 28 U.S.C. § 1331 and has supplemental jurisdiction over any state law claims pursuant to 28 U.S.C. § 1367.

## I.    Background

The Motions pending before the Court include: (1) RIG's Motion to Compel Third Party Foresight Construction Services, LLC ("Foresight") to Produce Documents (ECF No. 59); (2) RIG's Motion to Compel Third Party H.W. Lochner, Inc. ("Lochner") to Produce Documents (ECF No. 61); (3) RIG's Motion for Consolidation of Rogers's Claims Against RIG ("Motion to Consolidate") (ECF No. 72); (4) RIG's Motion to Compel Rogers to Respond to Discovery (ECF No. 74); (5) RIG's Motion to Treat RIG's Motion to Compel Rogers and Motion to Compel Foresight as Unopposed (ECF No. 95);[1] and (6) Hansel's Motion to Compel RIG's Discovery Responses (ECF No. 96). As will be discussed throughout this Memorandum Order, some of the pending motions have been fully briefed, while others have not. In any event, all applicable deadlines for briefing on the pending motions have passed, and the Court considers the matters discussed herein to be ripe for disposition.

It bears preliminarily noting that the respective participation of the parties in this litigation has varied to date. RIG and Hansel have been consistently active in this matter, including

---

[1] Strictly speaking, the Court finds that the filing of such a Motion was not strictly necessary. As the Court will explain, Rogers has not filed an appropriate response to the Motion to Compel directed towards him and Foresight has not filed any response to the Motion to Compel pending against it. These Motions to Compel are unquestionably unopposed whether the Court grants RIG's Motion at ECF No. 95 or not. That said, because the Court perceives no prejudice in granting ECF No. 95, it hereby does so, and will not address that Motion substantively.

providing their positions ahead of conferences, attending conferences, and filing their briefing in

a timely fashion.  Rogers, through counsel, has attended conferences, but was late in responding

to the Motion to Compel directed to him, resulting in the filing of RIG's motion seeking to treat

its Motion to Compel as unopposed.[2]  Moreover, his "Response" (ECF No. 101) is not a true

response to the Motion to Compel, but, rather, is a document containing his responses to RIG's

second set of requests for production and third set of interrogatories, and is thus improper under

Rule 5 and Local Rule 5.4.  Finally, Hadad, who is proceeding pro se, has been absent for each

status conference in this case, and his participation outside of the filing of an answer has been very

limited.  That said, Hadad is not subject to any motion currently pending before the Court.

## II.    Legal Standard

With respect to discovery in a civil case generally, Federal Rule of Civil Procedure 26

provides that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to
> any party's claim or defense and proportional to the needs of the case, considering
> the importance of the issues at stake in the action, the amount in controversy, the
> parties' relative access to relevant information, the parties' resources, the
> importance of the discovery in resolving the issues, and whether the burden or
> expense of the proposed discovery outweighs its likely benefit.  Information within
> this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).  The information sought need not be admissible at trial so long as the

discovery request is reasonably calculated to lead to the discovery of admissible evidence.

*Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S. Ct. 2380, 2389, 57 L. Ed. 2d 253

(1978).  As to limitations on discovery, Rule 26(b)(2)(C) provides:

> On motion or on its own, the court must limit the frequency or extent of discovery
> otherwise allowed by these rules or by local rule if it determines that:

---

[2] The Court notes that it has been brought to the Court's attention that counsel for Rogers also represents non-party Foresight.  Despite representing on two occasions that a response to RIG's Motion to Compel directed to Foresight would be filed, no such response has been filed.

(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;

(ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or

(iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Fed. R. Civ. P. 26(b)(2)(C). "Although the federal courts have adopted liberal discovery rules, district courts, nevertheless, are empowered with 'broad discretion to manage discovery.'" *Thompson v. Glenmede Tr. Co.*, No. CIV. A. 92-5233, 1995 WL 752422, at *2 (E.D. Pa. Dec. 19, 1995) (quoting *Sempier v. Johnson & Higgins*, 45 F.3d 724, 734 (3d Cir. 1995).

With respect to subpoenas served upon non-parties pursuant to Federal Rule of Civil Procedure 45, the Honorable Kim R. Gibson has aptly explained:

A. Discovery from a Nonparty via Rule 45 Subpoena

Discovery of documents from a nonparty is accomplished pursuant to Rule 45.  Fed. R. Civ. P. 34(c) ("As provided in rule 45, a nonparty may be compelled to produce documents and tangible things or to permit an inspection.").  The function and purpose of a subpoena is to compel the production of documents relevant to the disputed matter.  9A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2456 (current through 2008 update).  "Under Rule 45(a)(1)(D), a subpoena duces tecum requires the responding party to permit the inspection, copying, testing, or sampling of the designated materials."  *Id.*

B. Subpoena Subject to Limitations on Scope of Discovery

A Rule 45 subpoena must fall within the scope of proper discovery under Federal Rule of Civil Procedure 26(b)(1).  *OMS Invs., Inc. v. Lebanon Seaboard Corp.*, 2008 WL 4952445 (D.N.J. Nov.18, 2008).  Thus, the production sought by [the party issuing the subpoena] must be: (1) not privileged; (2) relevant to the claim or defense of any party; and (3) either admissible in itself or reasonably calculated to lead to the discovery of admissible evidence.  Fed. R. Civ. P. 26(b)(1); *see also* 45 James Wm. Moore et al., Moore's Federal Practice § 45.03 (current though Dec, 2008).  "The party moving to compel production of documents bears the initial burden of explaining how the requested information is relevant.  Once that showing is made, the burden shifts to the objecting party to explain why discovery should not be permitted."  *Id.*

C. Costs of Production and Requirement to Avoid Undue Burden or Expense

A nonparty responding to a subpoena is typically required to pay its own costs of production. Rule 45(c)(1) expressly establishes the responsibility of courts and parties to avoid "imposing undue burden or expense" on the nonparty subject to the subpoena. Fed. R. Civ. P. 45(c)(1). Therefore, courts frequently order that items be produced, inspected and copied at the subpoenaed party's office, in a manner that is convenient and limits costs. *See* 45 Moore's Federal Practice § 45.03.

To determine whether a production subpoena creates an "undue burden or expense", courts typically assess factors such as the following: 1) relevance of the information sought; 2) the party's need for the production; 3) the breadth of the request; 4) the time period covered by the request; 5) the request's particularity; and 6) the burden imposed. *Id.* § 45.32. Additionally, that the subpoena is directed to a nonparty is an appropriate consideration in this undue burden calculus. *See* Fed. R. Civ. P. 45, Advisory Committee Note of 1991 ("A nonparty required to produce documents or materials is protected against significant expense resulting from involuntary assistance to the court."). Furthermore, an undue burden is often created where the material sought from a nonparty is easily available from a party; however, this factor alone is not dispositive.

D. Remedies Available for Subpoena Recipients

The recipient of a subpoena that directs production or inspection may utilize three separate procedures to avoid compliance: 1) serving written objections pursuant to Rule 45(c)(2)B); 2) moving to quash or modify pursuant to Rule 45(c)(3); or 3) moving for a protective order under Federal Rule of Civil Procedure 26(c). Options two and three often turn on the issue of "undue burden" and hence often involve similar analyses . . . .

Rule 26(c) (1) states: "A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Additionally, "[l]egitimate interests in privacy are among the proper subjects of [Rule 26(c)'s] protection." *Pearson v. Miller*, 211 F.3d 57, 72 (3d Cir. 2000). The party seeking the protective order must demonstrate that good cause exists for the protection of the information at issue. *Id.* "'Good cause' is established when it is specifically demonstrated that disclosure will cause a clearly defined and serious injury." *Glenmede Trust Co. v. Hutton*, 56 F.3d 476, 483 (3d Cir. 1995).

The Third Circuit instructed that the decision to grant a protective order should focus upon the specific circumstances, and balance the private versus public interests. *Id.* Among other factors, the Third Circuit mentions that the following should be considered: "1) whether disclosure will violate any privacy interests; 2) whether the information is being sought for a legitimate purpose or for an improper

purpose; 3) whether disclosure of the information will cause a party embarrassment; 4) whether confidentiality is being sought over information important to public health and safety; 5) whether the sharing of information among litigants will promote fairness and efficiency; 6) whether a party benefitting from the order of confidentiality is a public entity or official; and 7) whether the case involves issues important to the public." *Id.* The Third Circuit further explained: "'Good cause is established on a showing that disclosure will work a clearly defined and serious injury to the party seeking closure. The injury must be shown with specificity.'" *Pansy v. Borough of Stroudsburg*, 23 F.3d 772 (3d Cir.1994) (quoting *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir.1984)).

This Court has broad discretion over the scope of a protective order. *Rodgers v. United States Steel Corp.*, 536 F.2d 1001, 1006 n. 12 (3d Cir. 1976); *see also Pearson*, 211 F.3d at 73

*Miller v. Allstate Fire & Cas. Ins. Co.*, No. CIV. 07-260, 2009 WL 700142, at *1-3 (W.D. Pa. Mar. 17, 2009)

After a party "has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action," that party may, "on notice to other parties and all affected persons," move for an order compelling disclosure or discovery. Fed. R. Civ. P. 37(a)(1). If a motion to compel is granted, subject to certain exceptions, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). If the motion is denied, a court may "issue any protective order authorized under Rule 26(c) and must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(B). "If the motion is granted in part and denied in part, the court may issue any protective order authorized under Rule 26(c) and may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." Fed. R. Civ. P. 37(a)(5)(C).

## III.    Discussion

### A.  RIG's Motion to Compel Directed to Foresight

RIG seeks an order compelling Foresight, a non-party and alleged competitor, to respond to document requests set forth in a subpoena served on Foresight by RIG, specifically request nos. 1-6, 9-11, and 14-20.   RIG argues that, given Rogers's "close personal relationship" with Foresight, the information RIG seeks is relevant to RIG's claims that Hansel and Rogers misappropriated RIG's trade secrets and interfered with its employees, clients, and partners.

As noted, this Motion is technically uncontested.  That said, RIG has attached to its Brief in Support the responses and objections that Foresight provided in response to RIG's document requests.  The Court will take those responses and objections into consideration in evaluating RIG's Motion to Compel directed to Foresight.

Initially, where Foresight has responded that it has no documents responsive to RIG's requests, the Court can only direct that Foresight review its responses and redouble its efforts to ensure that a reasonable effort has been conducted to locate responsive documents.  These responses include request nos. 2-4, 6, 9-11, 14,[3] and 19-20.  ECF No. 59-1.  To state the obvious, the Court cannot compel the production of documents that Foresight asserts do not exist.  The Court appreciates RIG's representation that it conferred with Foresight to more carefully and narrowly define and clarify its requests, and understands that Foresight made no supplemental production thereafter.  Again, the Court hereby directs Foresight to review RIG's requests and Foresight's responses where Foresight has asserted that no responsive documents exist, and to redouble its efforts to locate responsive documents.  If such documents exist, they shall be

---

[3] While this response says "none other than certified mail received" from one of the firms that has represented RIG, *see* ECF No. 60-3 ¶ 14, Foresight has no duty to produce documents that are already in RIG's counsel's possession. Fed. R. Civ. P. 26(b)(2)(C)(i).

produced within twenty-one (21) days of this Memorandum Order. To the extent that no responsive documents exist, Foresight shall confirm the same in a supplemental response to RIG's requests.

The remaining document requests at issue are request nos. 1, 5, and 15-18. Foresight's responses to request nos. 1 and 5 are similar, in that they are qualified responses stating that Foresight does not possess documents of the variety RIG *would find relevant* to this lawsuit. Response no. 1 also asserts a general and boilerplate objection on the basis of breadth and vagueness, and response nos. 15-18 are limited to only such general and boilerplate objections.

While Foresight's vague objections leave something to be desired, it is also worth noting that RIG's requests are unquestionably broad and can be fairly described as vague. In particular, request nos. 15-18 seem to seek all documents related to all of Foresight's projects and contracts across seven states over the last two years from a non-party for whom none of the Defendants have worked. One of these requests asks that Foresight speculate on which projects RIG might have also submitted a proposal. ECF No. 60-2 ¶ 15. RIG uses much of its brief in describing the relevance of these documents by merely stating that they are relevant to their claims and allegations. Very little ink is expended in describing how and why these seemingly exceptionally broad requests might lead to the discovery of admissible evidence. While these documents certainly *could* contain relevant information, the breadth of these requests leads this Court to conclude that an order compelling a response at this time is not warranted under Fed. R. Civ. P. 26(b)(2)(C)(iii). With respect to request nos. 15-18, RIG, should it desire to continue to pursue the information contained in these document requests, is directed to propound written requests consistent with its meet and conferral with Foresight where it offered to narrow and clarify its requests, and, given the Court's holding herein, the Court expects that such requests will, in fact,

be narrowly and appropriately tailored. Should RIG believe that any responses to those requests are deficient, it has leave to pursue a motion before the undersigned.

Request nos. 1 and 5 are also broad, in that they seek all Foresight "[d]ocuments drafted by, authored by, created by, edited by, or originating from RIG or any of its former or current executives, employees, personnel, contractors, or agents" and "[a]ll [d]ocuments and [c]ommunications that refer to or reflect any hiring by Foresight of any current or former RIG employees or any consideration by Foresight of such hiring, even if the individual was not ultimately hired." ECF No. 60-2 ¶¶ 1, 5. That said, the Court tends to agree with RIG that it is not Foresight's place to determine what is "of interest" or "in the nature sought after by this lawsuit." It is the Court's function to determine relevance, and Foresight's responses indicate its awareness that certain types of documents requested in request nos. 1 and 5 could be relevant to RIG's claims, though it believes that it possesses no such documents. The Court further notes that, unlike request nos. 15-18, these requests are more specifically tied to RIG. The Court believes that RIG's suggestion that, "[i]f Foresight seeks to propose a limitation as to production of documents from former RIG employees[,] the limitation [should] be specific, reasonable, and take appropriate account of RIG's claims in the case," is reasonable. Accordingly, Foresight is directed to review its responses to request nos. 1 and 5, renew its efforts to locate responsive documents, and either produce relevant documents or more fulsomely explain its basis for withholding documents, again, within twenty-one (21) days of this Memorandum Order.

The Court will not award fees on this Motion given Foresight's failure to respond to the Motion and the Court's findings as to RIG's overbroad requests.

**B.  RIG's Motion to Compel Directed to Lochner**

By way of this Motion, RIG seeks an order compelling Lochner, a non-party and alleged competitor who employs Rogers and Hansel in comparable positions to those they had at RIG, to produce responses to discovery requests served upon Lochner via subpoena in late 2023.  These requests include nos. 1, 4, 7, 8, 13, 14, 15, 22, 25, and 26.[4] [5]  ECF No. 61-1.  Again, RIG asserts that the information it seeks is relevant to its claims that Rogers and Hansel unlawfully misappropriated trade secrets and tortiously interfered with RIG's current and prospective contracts and business relationships in leaving RIG to work for a competitor in Lochner that bids on the same projects as RIG in the same geographic market.  Plaintiff asserts that Lochner "is a party who logically stands to benefit from Rogers'[s] and Hansel's misappropriation of RIG's confidential and trade-secret information[,]"  ECF No. 62 at 7, and that it is thus likely to possess information relevant to RIG's claims in this case.

Lochner opposes the Motion to Compel.  In particular, Lochner asserts that RIG has failed to articulate any good faith basis to believe that Lochner possesses any of RIG's confidential information, and that the discovery requests at issue are so overly broad that they encompass

---

[4] Request nos. 1 and 15 directed to Lochner are substantively identical to request nos. 1 and 5, respectively, served on Foresight, and seek "[a]ll [d]ocuments drafted by, authored by, created by, edited by, or originating from RIG or any of its former or current executives, employees, personnel, contractors, or agents" and "[a]ll [d]ocuments and [c]ommunications that refer to or reflect any hiring by Lochner of any current or former RIG employees or any consideration by Lochner of such hiring, even if the individual was not ultimately hired."  ECF No. 61-2 ¶¶ 1, 15.  Requests nos. 25 and 26 served on Lochner, which seek information and documents detailing Lochner's customers, prospective customers, projects, and employees working on those projects across seven states, are substantively identical to requests nos. 17 and 18 served on Foresight.

[5] The Court notes that the parties discuss and advance some very limited argument with respect to discovery requests, including request nos. 3 and 16, that are not included in the Motion to Compel's request for relief.  *See* ECF No. 61-1 (proposed order requesting that the Court grant "RIG's motion to compel production of documents in response to Document Request Nos. 1, 4, 7, 8, 13, 14, 15, 22, 25, and 26 that have been withheld due to such objections.").  Herein, the Court addresses only those discovery requests where RIG has explicitly requested relief in its proposed order with respect to those requests, and presumes that the parties arguments as to other requests is merely meant to illustrate their similarity to related requests.  In that regard, the Court believes that its analysis herein should prove helpful in any event.

information far beyond the scope of what is relevant and proportional to RIG's needs in this case. ECF N. 66 at 1.  Lochner argues that RIG's requests are more akin to those served on a party, as opposed to a non-party, in a non-compete, as opposed to non-disclosure, case, and RIG has not alleged that any of the Defendants or Lochner are prohibited from competing with RIG.  *Id*. Lochner avers that it was aware of Rogers's and Hansel's post-employment restrictive covenant agreements with RIG, that its offer letters to Rogers and Hansel requires compliance with the same, and that it instructed Rogers and Hansel to not use or store any of RIG's information or documents during the course of their work for Lochner and to instead destroy any such documents.  *Id.* at 2. Lochner asserts that the Court should deny the Motion to Compel and award Lochner its reasonable attorneys' fees.  *Id.* at 1.

The exhibits attached to the parties' briefing indicate that Lochner believes that it has produced all responsive documents to request no. 4 in its possession, and that Lochner has located no documents responsive to request nos. 1 or 22.  Lochner's briefing confirms that Lochner stands by that position.  Again, this Court cannot compel the production of what has already been produced or non-existent documents.  Lochner is directed to affirm that its responses remain accurate, but the Court will take no further action with respect to request nos. 1, 4, or 22 at this time.

Further, the Court notes that RIG fails to advance any explicit and substantive argument as to the relevance of request nos. 7, 8, 13, and 14.    RIG has failed in its initial burden to explain how the information sought in requests nos. 7, 8, 13, and 14 is relevant, and the Motion to Compel is denied as to such requests.  The Court further notes that these requests seek employment contracts between Rogers/Hansel and Lochner and information about the nature and scope of Rogers's and Hansel's roles at Lochner, information that is almost certainly in the possession of

the parties, as opposed to a non-party, in this case.  To the extent that this ultimately cannot be resolved between the parties, the Court may revisit the issue if warranted, but again finds that there is simply no basis for the Court to address request nos. 7,8, 13, or 14 at this time.  Accordingly, the only discovery requests that remain at issue with respect to Lochner are document request nos. 15, 25, and 26.

Request no. 15 seeks "[a]ll [d]ocuments and [c]ommunications that refer to or reflect any hiring by Lochner of any current or former RIG employees or any consideration by Lochner of such hiring, even if the individual was not ultimately hired."  ECF No. 61-2 ¶ 15.  Lochner argues that it is in no way prohibited from recruiting and hiring RIG's employees, and that Rogers and Hansel are not subject to non-solicitation agreements.  ECF No. 66 at 9.  It further argues that this request is overbroad in that it seeks "any documents and communications that refer to Lochner's recruitment or hiring of any RIG employee over the past year and half, regardless of whether Rogers or Hansel had any involvement[,]" ECF No. 66 at 9, while RIG offers only that the documents might show that Lochner did or sought to "benefit from Defendants' scheme to 'tear down' RIG by communicating falsehoods to RIG's employees about RIG's business in an effort to get those employees to leave RIG's employ[,]" ECF No. 62 at 7.  The Court generally agrees with Lochner.  The Court perceives little relevance to a non-party competitor's efforts to recruit RIG employees where neither Rogers nor Hansel was involved.  To the extent Lochner has not already done so, it shall, within twenty-one (21) days of the Memorandum Order, provide documents responsive to this request where Rogers or Hansel had involvement in the hiring process.  The Motion to Compel is otherwise denied as to request no. 15.

As to request nos. 25 and 26, the Court finds, as it did with Foresight, that these requests are overbroad and not proportional to the needs of the case..  These discovery requests amount to

an overbroad fishing expedition on a non-party as to every Lochner project and client over seven states, regardless of Rogers's or Hansel's involvement.  RIG comes far from justifying such wide sweeping discovery in arguing that it might show that Lochner competes with RIG, something that Lochner seemingly does not contest and, more importantly in Lochner's estimation, is not prohibited because Rogers and Hansel did not sign non-compete agreements, or that Rogers and Hansel worked on projects for Lochner that RIG bid on during Rogers's and Hansel's employment with RIG.  Certainly, RIG is correct that, should Lochner conduct such a broad and sweeping search, it *might* turn up *some* documents that could *possibly* indicate misconduct on Rogers's or Hansel's parts, but RIG ignores entirely the proportionality aspect of discovery, particularly where a non-party is involved.  Again, RIG's assertions of relevance are general and perfunctory.  As constructed and on the record before the Court, the Court finds that these requests are overbroad to the extent that the burden of responding to these requests outweighs the likely benefit of the discovery sought.  The Motion to Compel is denied as to request nos. 25 and 26.

Given the Court's holdings herein, the Court hereby orders RIG to pay Lochner's reasonable fees associated with responding to the Motion to Compel.  Lochner and RIG are hereby directed to confer in an effort to resolve this issue without Court involvement.  To the extent Lochner and RIG are able to resolve the issue on their own, they shall file a status report by November 19, 2024.  To the extent they are not, Lochner may submit its fee request for review by November 19, 2024, and RIG shall respond by November 26, 2024.

### C.  RIG's Motion to Consolidate

RIG's Motion to Consolidate seeks "consolidation" of this case with a lawsuit Rogers filed in the Court of Common Pleas of Allegheny County, *Derek Rogers v. RIG Consulting, Inc.*, No. GD-23-003928 ("AC Case"), wherein Rogers asserts claims against RIG for alleged violations of

the Pennsylvania Wage Payment and Collection Law and for breach of contract.  In support, RIG notes that Hansel had previously filed a similar lawsuit in state court, but subsequently opted to voluntarily discontinue that lawsuit and instead pursue his claims before this Court via the filing of counterclaims.  ECF No. 173 at 2-3.  RIG argues that the concurrent pendency of this case and the AC Case, which RIG asserts involve the same parties, the same counsel, the same claims, and a similar set of underlying facts, will result in duplicative efforts and increased litigation costs resulting in what RIG perceives to be undue prejudice and a waste of limited judicial resources, as well as a risk of inconsistent rulings.  *Id.* at 2-3.  He requests that Rogers be directed to amend his answer to assert his AC Case claims as counterclaims in this action and that he further be directed to discontinue the AC Case, effectively "consolidating" the two actions.  ECF No. 72 at 1.

In this Court's estimation, RIG's Motion to Consolidate essentially asks this Court to dismiss a state court case in the interest of judicial economy.[6]  It cites no source supporting such, in this Court's estimation, extraordinary relief, and the Court denies the Motion to Consolidate summarily.

### D.  RIG's Motion to Compel Directed to Rogers

As noted, Rogers has not truly responded to RIG's Motion to Compel, but rather filed his responses to RIG's second set of requests for production of documents and third set of interrogatories, which, it bears noting, are not at issue in the Motion to Compel directed to Rogers, on the docket.  The Motion will be treated as unopposed for that reason.

By way of this Motion to Compel, RIG seeks responses to its first set of requests for admission, requests for production, and interrogatories.  RIG believes that Rogers's responses to RIG's requests for admission nos. 3, 5, 6, and 9-12 are deficient, and further asserts that it has

---

[6] The Court believes that ordering a party to discontinue a state court case is tantamount to dismissal of that case.

received no response to its document requests and interrogatories.  ECF No. 74 at ¶ 2; ECF No. 74-1.  With respect to the document requests and interrogatories at issue in the Motion to Compel, it remains uncontested that Rogers has failed completely to adhere to his obligation to cooperate in the discovery process in this case by failing to respond, in any fashion, to these requests.  The same is simply impermissible, and the Court hereby directs Rogers to respond to all outstanding requests for production or interrogatories at issue in the Motion to Compel within twenty-one (21) days of the Memorandum Order.

With respect to request for admission no. 6, the Court notes that RIG is incorrect that Rogers answered: "not applicable" to that request.  RIG's only argument in support of its assertion that Rogers should provide updated responses to the requests for admission at issue is that a "not applicable" response to those requests is not an appropriate response.  Accordingly, the Court takes no action with respect to request no. 6.  It is likely that RIG meant to address request no. 7 as opposed to no. 6, as request no. 7 does provide a "not applicable" response.  As to all "not applicable" responses, the Court agrees that Rogers's responses are deficient.  Rogers shall provide updated responses either answering the requests at issue or providing a basis for the lack of response to these requests within twenty-one (21) days of this Memorandum Order.

Given the holdings herein, and given Rogers's blatant disregard for his discovery obligations and his failure to adequately respond to the Motion to Compel against him, the Court hereby orders Rogers to pay RIG's reasonable fees associated with the drafting and filing of the Motion to Compel.  RIG and Rogers are hereby directed to confer in an effort to resolve this issue without Court involvement.  To the extent RIG and Rogers are able to resolve the issue on their own, they shall file a status report by November 19, 2024.  To the extent they are not, RIG may

submit its fee request for review by November 19, 2024, and Rogers shall respond by November 26, 2024.

### E.  Hansel's Motion to Compel Directed to RIG

By way of his Motion to Compel, Hansel seeks responses to the following discovery requests he has served upon RIG: interrogatory nos. 1-3; document request nos. 1, 2, 4-9, 11, 12, 15-18, 27, 34-37; and all text messages in RIG's custody, possession, or control responsive to Hansel's requests.  ECF No. 96 at 1-2.

Given the abundance of relevance objections at issue with respect to this Motion, the Court notes, as a general proposition, that any party runs a risk in withholding documents that may be subject to discovery on the basis of relevance, as it is the Court's function to ultimately determine relevance.  Hansel's Reply makes clear that he believes that he has a good faith basis to suspect that certain responsive documents exist, but have been withheld by RIG.  In particular, he cites to communications that have been produced in discovery that reference other documents/communications that were not produced, as well as Hansel's purported awareness of the existence of certain communications.  ECF No. 2-5.  Because this argument was raised by way of reply, RIG has not explicitly addressed these particular assertions.  It bears noting that it stands to reason that a document referenced in a document already provided in discovery might too be discoverable.  RIG is instructed to redouble its efforts to ensure that it has not improperly withheld the documents discussed at pages 2-5 of Hansel's Reply, and to engage in a conferral with Hansel's counsel to discuss the issue.  If in camera review of the communications/documents referencing the missing documents becomes necessary, Hansel has leave to file a motion addressing that issue. On this record, however, the Court cannot resolve this issue at this time.  As a general proposition, all parties to this action are hereby cautioned to consider carefully their discovery obligations in

responding to or withholding discovery, as the Court believes practicality and fairness should always trump gamesmanship.

Interrogatory nos. 1 and 3 and document request nos. 9, 11, 12, and 15 are related, in that they each seek discovery as to "RIG's alleged trade secrets, the purported measures (if any) undertaken by RIG to maintain their confidentiality, the manner in which Hansel allegedly misappropriated the information, and the harm purportedly suffered by RIG as a result." ECF No. 97 at 8. With respect to document request no. 9, the purported deficiency lies in RIG's failure to identify by Bates number the documents it has produced in response to this request, as RIG has simply asserted that all responsive documents have been produced. The Court finds Hansel's request for identification of those documents RIG has produced in response to request no. 9 to be reasonable, and RIG is hereby directed to identify those documents by Bates number.

As to interrogatory no. 1, Hansel takes issue with the purported generality with which RIG describes the trade secrets at issue, and further takes issue with RIG's failure to assert whether the documents identified in its response to interrogatory no. 1 are the only documents responsive to interrogatory no. 1. With respect to Interrogatory no. 3 and documents request nos. 11, 12, and 15, Hansel similarly takes issue with RIG's purportedly vague objections and its general statement that responsive documents "have been produced." *Id*. Hansel argues:

> RIG has failed to describe, identify[,] or produce the alleged "trade secrets" at issue, and RIG has not produced any other information or documents substantiating its trade secrets claims. At most, Plaintiff has identified, in broad and vague terms, categories of *publicly available* information that RIG routinely discloses to a third parties (including PennDOT) without any confidentiality restrictions. That response falls far short of the "reasonable specificity" standard because it fails to separate any alleged "trade secret" from "matters of general knowledge in the trade or of special knowledge of persons skilled in the trade," and it does not inform Hansel how any such "trade secret" differs from public domain information. . . . Moreover, if the documents currently referenced by RIG in its response to Interrogatory No. 1 constitute the universe of the alleged trade secrets at issue, then RIG should simply say so in unequivocal terms

*Id.* at 8-9 (citations omitted).  The Court believes that Hansel's argument in this regard is primarily questioning the merit of RIG's claim, i.e., that RIG's discovery responses are not sufficient to support RIG's claims.  That is an issue for the summary judgment stage of litigation.  RIG's interrogatory responses are sufficient as currently constructed.  Further, RIG has stated that it has reviewed its responses and has confirmed that all responsive documents to requests nos. 9, 11, 12, and 15 have been produced.  ECF No. 104 at 3.  Again, the Court cannot compel the production of documents that have already been produced or that do not exist.  That said, the Court hereby directs RIG to identify which documents it has produced in response to each interrogatory and document request at issue in the Motion to Compel.

Interrogatory no. 2 and document request nos. 2, 4-8, and 16-18 seek discovery respecting RIG's tortious interference claims, and specifically the identification and production of the contracts with which RIG believes Hansel allegedly interfered.  ECF No. 97 at 9.  RIG's response to interrogatory no. 2 is sufficient, and the Court will direct no further response to that interrogatory at this time. What Hansel seeks is beyond the nature of interrogatory responses, and is more appropriately pursued by way of deposition and document production.  As to the document requests, Hansel takes issue with RIG's failure to produce contracts or documents pertaining to all of the 55 individuals and entities identified in response to interrogatory no. 2, with Hansel having received no documents as to certain of these individuals and entities.  The Court again believes this to be a merits issue, with Hansel once more taking the position that he has not received documents that support RIG's tortious interference claims.  If he is correct, that is, at least seemingly, good news for him.  Again, RIG has confirmed that it has produced all responsive documents in its possession, and no further Court action, outside of a general directive that RIG

review its production to date and comply with its continuing obligation to produce responsive information, is necessary.

Document request no. 1 seeks "all documents and communications that refer, reference[,] or relate to Hansel dated since January 1, 2022." ECF No. 97 at 13.[7] The potential relevance of these documents is, in the Court's estimation, self-evident in a case where a former employer alleges that its former employee absconded with trade secrets to work for a competitor and interfere with the former employer's business relationships. That said, Hansel worked for RIG for twelve years, and it is certainly likely that certain of these documents would shed no light on the claims involved in this case. In that way, the request is overbroad. RIG has partially withdrawn its objection to this request and has provided responsive documents, providing that it has "produced non-privileged documents and communications . . . related to any of the claims, defenses[,] and facts involved in the Litigation that (1) were created[,] sent, or received by Defendant Hansel or (2) refer to or reflect Defendant Hansel that can reasonably be located." *Id*. That certainly seems responsive to the request at issue, though the Court again cautions against any overly crafty use of relevance objections. That said, RIG is directed to carefully review its response to this request to ensure that all non-privileged responsive documents have been produced. As noted throughout, however, if no further responsive documents exist, the Court cannot compel the production of such documents. Again, RIG shall review its response and either supplement its response or confirm to Hansel that all responsive documents have been produced.

Document request no. 27 seeks "[a]ll [d]ocuments that refer to or reflect proposals for construction management and/or construction inspection through PennDOT" during the relevant timeframe. ECF No. 97 at 13. As with RIG's requests discussed above, the Court believes that

---

[7] RIG incorrectly asserts that Hansel's request seeks documents over a four-year period, ECF No. 104 at 6, as the request is limited to 2022 to the present.

this request is overbroad, and Hansel provides limited argument as to the relevance and necessity of these documents. This request seeks all documents that RIG has submitted to PennDOT, RIG's primary customer, over a period of four years. RIG has averred that it has produced all documents related to the PennDOT projects it believes are at issue in this case, i.e., those where RIG alleges that the Defendants interfered with the project or misappropriated trade secrets related to those projects. ECF No. 104 at 5. That strikes the Court as the relevant universe of documents in this case. Given the breadth of the request, the production to date, and Hansel's limited argument, the Court finds document request no. 27, as currently constructed, disproportionate to the needs of the case. Hansel is hereby directed to make an effort to more narrowly tailor this request, or to otherwise confer with RIG in an effort to resolve the issue. If the issue remains unresolved, Hansel may submit a discovery motion and brief limited to five total pages, with Hansel being free to omit any factual or procedural background information in that brief.

With respect to text messages, RIG has produced a limited number of text messages to date, and, according to Hansel, "has not collected all of [RIG's owner's] text messages, nor did it collect or search any other employee's text messages." ECF No. 97 at 15. Hansel seeks an order compelling "RIG to collect, search, review[,] and produce all text messages within its custody, possession[,] or control that are responsive to Hansel's discovery requests." *Id.* at 16. RIG objects on the basis of relevance and burden. Those objections are overruled, and the Motion to Compel is granted as to the text messages at issue. RIG shall collect, search, review, and produce all text messages within its custody, possession, or control that are *responsive* to Hansel's discovery requests. The Court highlights "responsive" for a specific purpose, RIG asserts that some text messages, as might be expected, may contain sensitive, private, irrelevant, and confidential information. Of course, RIG is not required to produce privileged or irrelevant private information.

20

It must, however, undertake an effort to review any messages in its custody, possession, or control for responsive information, and provide that responsive information to Hansel. If no such information or text messages exist, RIG is directed to confirm the same to Hansel.

Document request no. 34 seeks "information that relates to or otherwise reflects payments made to and services provided (if any) by [RIG's owner's] family members and personal nannies/assistants who are on RIG's payroll[,]"with Hansel arguing that RIG's owner's "personal expenses and payments made to herself and her family members relates directly to Hansel's Whistleblower Law claim." *Id*. It bears noting that document request no. 34 is not listed in Hansel's Motion to Compel at ECF No. 96 or in his proposed order at ECF No. 96-1.[8] That said, the request is directly addressed in his Brief in Support at ECF No. 97, and RIG has not directly responded to Hansel's argument as to RIG's relevance objection to document request no. 34. The Court overrules RIG's general relevance objection, and hereby orders that RIG respond to this request, to the extent it has not already done so, within twenty-one (21) days of this Memorandum Order.

Document request no. 35 seeks documents referencing or relating to RIG's provision of "overhead cost submissions" to PennDOT. Again, document request no. 35 is not listed in Hansel's Motion to Compel at ECF No. 96 or in his proposed order at ECF No. 96-1, but both parties have addressed it in their briefing, and the Court will thus address the request herein. Hansel argues that such documents are relevant to his Whistleblower Law claim against RIG, asserting that he discovered improper financial activities in these submissions and reported the

---

[8] To the extent Hansel references a "second set" of document requests, that set of requests is not attached to his Motion to Compel and the Court cannot review the same at this time. Based upon the briefing, it is the Court's understanding that the requests at issue in the second set of documents requests are at least similar to request no. 34, and the Court is hopeful that its holdings and analysis herein will prove useful in future discovery meet and confer sessions between the parties.

same to RIG's owner (and other employees) and was subsequently terminated. ECF No. 97 at 18. RIG objects on the basis of relevance where Hansel had no knowledge of the documents at issue while employed with RIG, as well as on the basis of the accountant-client privilege. ECF No. 104 at 10. Obviously, RIG need not produce privileged documents, but it is hereby directed to produce a privilege log with respect to withheld documents. The Court is certainly willing to conduct an in camera review of the purportedly privileged documents if necessary, and Hansel may request the same should he remain unsatisfied with the assertion of privilege following receipt of the privilege log. In that event, the Court would likely require each party to brief the issue of the accountant-client privilege as applied to the facts in this case. As to RIG's relevance objection, the Court notes that the trade secrets allegedly misappropriated in this case include "methodology for accurately projecting target overhead rates." ECF No. 109 at 8. The Court finds that the documents at issue in document request no. 35 are relevant, and RIG's relevance objection is overruled. RIG is hereby directed to provide non-privileged documents responsive to document request no. 35 within twenty-one (21) days of this Memorandum Order.

Document request nos. 36 and 37 relate to Hansel's counterclaim and seek documents related to yearly bonuses paid by RIG from 2020-2023 and RIG's personal time off ("PTO") program. Hansel asserts that he was not paid his year-end 2022 bonus or his unused PTO following the termination of his employment with RIG. ECF No. 97 at 16. RIG has stated on the record that it possesses no further documents responsive to these requests. ECF No. 104 at 9. Accordingly, the Court will take no action as to request nos. 36 and 37 at this time, but, in an abundance of caution and given the arguments made by Hansel, the Court reminds RIG that these requests seek information from 2020-2023, not only 2021-2022. If RIG has not produced all responsive documents to these requests, it shall do so within twenty-one (21) days of this Memorandum Order.

Because the Court has granted in part and denied in part Hansel's Motion to Compel, the Court declines to apportion fees with respect to this Motion, and each party shall bear their own costs with respect to Hansel's Motion to Compel.

## IV.    Conclusion

For the reasons discussed above, it is hereby ORDERED that the motions at issue in this Memorandum Order are granted in part and denied in part, consistent with the Court's discussion above.  Where the Court has compelled responses to discovery requests or action by the parties, all such responses shall be provided, and action undertaken, within twenty-one (21) days of this Memorandum Order, unless otherwise extended by agreement of the parties or by subsequent Court order.

As counsel will note, the Court has expressed at prior status conferences and throughout this Memorandum Order its hope and belief that the parties could make better use of the meet and confer process moving forward.  Efforts to date have proven unsuccessful, though the Court remains optimistic that, with the benefit of the Court's holdings herein and further opportunities to work through outstanding discovery, future meet and confer sessions will prove more effective. That said, the Court notes that, should future voluminous and/or consistent discovery motion practice prove necessary, the Court will consider the appointment of a discovery special master at the parties' cost.

BY THE COURT:

/s/Robert J. Colville
Robert J. Colville
United States District Judge

DATED: October 29, 2024

cc: All counsel of record