**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| RIG CONSULTING, INC.,<br><br>Plaintiff,<br><br>    v.<br><br>DEREK ROGERS, BRIAN M. HANSEL, and DAVID HADAD,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 2:23-cv-1286-RJC |

<u>**MEMORANDUM ORDER OF COURT**</u>

Robert J. Colville, United States District Judge

Before the Court are the following motions filed by Plaintiff RIG Consulting, Inc. ("RIG"): (1) a Motion for Fees and Costs (ECF No. 126); and (2) a Renewed Motion to Compel Defendant Rogers to Respond to Discovery and Motion for Sanctions (ECF No. 127). Each Motion is directed toward Defendant Derek Rogers ("Rogers"), who has filed a Response (ECF No. 128) to the Motion for Fees and Costs and who has not responded to the Renewed Motion to Compel. Pursuant to the undersigned's Standing Order and Procedures re: Civil Motion Practice, any response to the Renewed Motion to Compel was due by December 9, 2024. Accordingly, the Court will treat the Renewed Motion to Compel as uncontested.

The Court will grant in part the Motion for Fees and Costs. RIG seeks $7,261.65 in fees and costs. If a motion to compel is granted, subject to certain exceptions, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct or both to pay the movant's reasonable expenses

1

incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A).  After reviewing the Motion and Response, the Court concludes that a reasonable award of expenses for RIG's previous motion to compel directed to Rogers is $5,436.45.  This total reflects the subtraction of 4.2 hours from RIG's request that were spent drafting and filing a Motion to Treat Motions to Compel as unopposed, which, despite granting the same, the Court found unnecessary. Rogers is hereby ordered to pay RIG's reasonable fees associated with the drafting and filing of the original Motion to Compel, specifically $5,436.35, within seven (7) days of this Memorandum Order.  Because the Court's original Memorandum Order directed only Rogers to pay RIG's fees and costs, the Court will not order Rogers's counsel to pay such fees and costs.

With respect to the Renewed Motion to Compel, it bears noting that, despite the Court informing Rogers in its prior Memorandum Order (ECF No. 110) that filing discovery materials on the docket violates Fed. R. Civ. P. 5 and Local Rule 5.4, Rogers continues to file discovery materials on the docket in this case.  To be clear, the Court's prior Memorandum Order directed Rogers to *respond* to RIG's outstanding discovery requests, not *file* those responses on the docket. Unless attached to a *substantive* response to a motion, Rogers is hereby directed to cease filing discovery materials on the docket in this case.

Again, Rogers has not substantively responded in any fashion to the Renewed Motion to Compel and Motion for Sanctions.  Prior to the filing of that Motion, Rogers filed several discovery documents on the docket, but the same is not permissible under the Federal or Local Rules, and the Court finds the Renewed Motion uncontested.  The Court will grant RIG's Motion in part. Rogers is hereby directed to fully respond to RIG's First Set of Requests for Production of Documents (attached as Exhibit A to the Renewed Motion) within twenty-one (21) days of this Memorandum Order.  The Court urges the parties to work cooperatively in identifying deficiencies

in production to date and attempting to remedy the same.  To the extent that Rogers possesses no responsive information, he shall affirmatively state the same in responding to RIG.  To the extent he asserts that any documents are subject to privilege, he shall produce a privilege log.

The Renewed Motion is denied without prejudice with respect to RIG's request for sanctions.  The Court may decline to award sanctions where circumstances might render an award of fees unjust.  While the Court acknowledges Rogers's repeated failure to respond to discovery motions and his continued failure to abide by the Federal and Local Rules, the Court does note that Rogers has seemingly attempted to respond to discovery, albeit improperly on the docket, since the entry of the Court's prior Memorandum Order.  While the Court has directed Rogers to fully respond to outstanding requests for production by way of this Memorandum Order, it finds that additional sanctions, at least at this juncture, are not warranted.  Should Rogers fail to comply with this Memorandum Order, RIG may renew its motion to compel and motion for sanctions.  The Court again urges the parties to meet and confer in good faith.  Any failure to do so or any failure to respond to a future discovery motion will result in the Court's sincere consideration of directing Rogers *and* his counsel to pay fees associated with renewed motion practice.

For the reasons discussed above, it is hereby ORDERED that the Motion for Fees and Costs and the Renewed Motion to Compel Defendant Rogers to Respond to Discovery and Motion for Sanctions are granted in part, consistent with the Court's discussion above.

BY THE COURT:

*/s/Robert J. Colville*_____
Robert J. Colville
United States District Judge

DATED: December 12, 2024
cc: All counsel of record