IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RIG CONSULTING, INC.,<br><br>Plaintiff,<br><br>     v.<br><br>DEREK ROGERS, BRIAN M. HANSEL, and DAVID HADAD,<br><br>                    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 2:23-cv-1286-RJC |

**MEMORANDUM ORDER OF COURT**

Pending before the Court is the Motion for Evidentiary Ruling (ECF No. 134) filed by Defendant Derek Rogers. Rogers seeks a ruling ahead of a reconvened deposition of Plaintiff RIG Consulting, Inc.'s president, Sharmon Winters, as to whether questions respecting Ms. Winters's purported medical conditions are relevant to this action. Rogers indicates that RIG's counsel has informed Rogers that it will direct Ms. Winters not to answer such questions. The deposition is scheduled to take place on January 9, 2025, after a prior two-day deposition was cut one-half day short due to scheduling issues. Accordingly, the Court ordered expedited briefing and offers this brief Order of Court in the interest of efficiency and so that the scheduled deposition may move forward.

It bears noting that RIG previously filed a motion for a protective order (ECF No. 102) in October of last year seeking a stay of Ms. Winters's deposition for a period of four weeks, citing Ms. Winters's medical conditions as the basis for relief. Following review of documents submitted by RIG for in camera review, the Court found that RIG came up short of its burden to show good

1

cause in seeking a protective order delaying the deposition. Apparently, the scheduled deposition took place, but scheduling difficulties prevented the parties from completing the full two-day deposition. Rogers vaguely asserts that RIG's motivation for seeking a protective order, i.e., whether the continuance was sought for medical or personal reasons, might provide relevant information as to Ms. Winters's credibility as a witness at trial. The Court finds such an argument exceedingly tenuous, and notes, at least on this record, that it perceives no relevance whatsoever to questions respecting Ms. Winters's medical conditions in a case centered around an alleged scheme and conspiracy between the Defendants to misappropriate and disseminate RIG's trade secrets and to interfere with RIG's relationships with its employees, clients, and partners. Given the lack of relevance, such questions, in this Court's estimation, likely implicate the embarrassment and annoyance considerations that a Court must look to in determining whether a protective order is warranted.

The Court notes that it is currently being asked to offer guidance where the question at issue has not yet been asked of the witness. The Court will not issue a protective order sought by way of a response to a motion, and is also not inclined to formally provide an advisory evidentiary ruling. The parties proceed at their own peril in conducting the deposition, and the Court will consider any *appropriate* motion arising out of the deposition, if necessary. That said, the Court is hopeful that this Order of Court will provide guidance to the parties, allow for discovery to continue apace and the scheduled deposition to take place on January 9, 2025, and avoid further unnecessary motion practice.

The Court further notes that RIG has styled its Response (ECF No. 136) as both a response to Rogers's Motion and a "Renewed Motion to Compel and for Sanctions." Just as the Court declined to consider a request for a protective order sought by way of a response, the Court will

also decline to entertain RIG's requests to compel production of discovery and for sanctions at this time. The same is particularly inappropriate where a party, as RIG does here, seeks judgment in its favor. RIG is granted leave to file a standalone motion seeking such relief, along with a supporting brief and all relevant exhibits and arguments it seeks to advance. Any such motion shall be filed by January 21, 2025. A response shall be filed by February 4, 2025. A reply shall be filed by February 18, 2025.

                    BY THE COURT:

                    */s/Robert J. Colville*
                    Robert J. Colville
                    United States District Judge

DATED: January 7, 2025

cc: All counsel of record