**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| RIG CONSULTING, INC.,<br><br>Plaintiff,<br><br>        v.<br><br>DEREK ROGERS and DAVID HADAD,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 2:23-cv-1286-RJC |

**MEMORANDUM ORDER OF COURT**

Robert J. Colville, United States District Judge

Before the Court is a Renewed Motion to Compel and for Sanctions (ECF No. 139) filed by Plaintiff RIG Consulting, Inc. ("RIG"). RIG seeks an order compelling Defendant Derek Rogers ("Rogers") to fully respond to outstanding discovery, and further seeks sanctions against Rogers for his failure to comply with his discovery obligations and Court Orders to date. The Court has jurisdiction in this matter pursuant to 28 U.S.C. § 1331, and it has supplemental jurisdiction over any state law claims pursuant to 28 U.S.C. § 1367.

**I.      Background**

By way of brief background, RIG alleges that Rogers, Defendant David Hadad ("Hadad"), and former defendant Brian M. Hansel ("Hansel") are former RIG employees. RIG's claims arise out of an alleged scheme and conspiracy to misappropriate and disseminate RIG's trade secrets and to interfere with RIG's relationships with its employees, clients, customers, and partners. As the Court has previously noted, since its inception, discovery in this matter has proven contentious and has consistently required Court involvement, including both status conferences and motion practice.

1

The Court has entered two prior Memorandum Orders (ECF Nos. 110 and 129) in this matter directing Rogers to fully respond to outstanding discovery requests, including the request for production at issue in RIG's current Motion, on the basis that Rogers had failed entirely to respond, had provided deficient responses, had not contested a discovery motion, and/or had failed to comply with a court order.  With respect to each of RIG's prior discovery motions directed to Rogers, Rogers failed to substantively respond to the motions, and, in doing so, violated the undersigned's Standing Order and Procedures re: Civil Motion Practice.  *See* https://www.pawd.uscourts.gov/sites/pawd/files/Colville_%20Standing_Order_Civil_Motions.pdf ("The opposing party shall file a separate response to every motion.  A brief shall also be filed with any response to a substantive motion.").  Further, after this Court informed Rogers on two separate occasions that filing discovery materials on the docket violates Fed. R. Civ. P. 5 and Local Rule 5.4, and after the Clerk's Office provided notice of the same at least five times, Rogers continued to file discovery materials on the docket in this case.  The Court notes the same in this paragraph for purposes of illustrating an apparent, and consistent, disregard on Rogers's part for both Court Orders and the applicable Rules during discovery in this matter.

 In its Memorandum Opinion addressing a prior discovery motion directed to Rogers, the Court provided the following cautionary note:

> While the Court has directed Rogers to *fully* respond to outstanding requests for production by way of this Memorandum Order, it finds that additional sanctions, at least at this juncture, are not warranted.  *Should Rogers fail to comply with this Memorandum Order*, RIG may renew its motion to compel and motion for sanctions.  The Court again urges the parties to meet and confer in good faith. Any failure to do so or any failure to respond to a future discovery motion will result in the Court's sincere consideration of directing Rogers *and* his counsel to pay fees associated with renewed motion practice.

ECF No. 129 at 3.

Rogers subsequently filed a motion seeking an evidentiary ruling related to a deposition of RIG's president, Sharmon Winters.  The Court afforded no relief on Roger's motion, but also noted that RIG had attempted to style its response to Rogers's motion as both a response and a "Renewed Motion to Compel and for Sanctions."  The Court declined to address RIG's requests to compel and for sanctions on the basis that a motion, and not a single page in a response, was the appropriate vehicle for pursuing such relief, noting:

> The same is particularly inappropriate where a party, as RIG does here, seeks judgment in its favor.  RIG is granted leave to file a standalone motion seeking such relief, along with a supporting brief and all relevant exhibits and arguments it seeks to advance.

ECF No. 138 at 3.  Following the Court's Order at ECF No. 138, RIG filed its standalone Renewed Motion to Compel and for Sanctions at issue herein on January 21, 2025.  Rogers filed a Response (ECF No. 141) on February 4, 2025.  RIG filed its Reply (ECF No. 145) on February 18, 2025.  RIG's Renewed Motion is fully briefed and ripe for disposition.  On March 19, 2025, the Court stayed discovery pending its consideration of RIG's Renewed Motion.  *See* ECF No. 146.

## II.    Legal Standard

With respect to discovery in a civil case generally, Federal Rule of Civil Procedure 26 provides that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).  The information sought need not be admissible at trial so long as the discovery request is reasonably calculated to lead to the discovery of admissible evidence.

*Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S. Ct. 2380, 2389, 57 L. Ed. 2d 253

(1978). As to limitations on discovery, Rule 26(b)(2)(C) provides:

> On motion or on its own, the court must limit the frequency or extent of discovery
> otherwise allowed by these rules or by local rule if it determines that:
>
> > (i) the discovery sought is unreasonably cumulative or duplicative, or can
> > be obtained from some other source that is more convenient, less
> > burdensome, or less expensive;
> >
> > (ii) the party seeking discovery has had ample opportunity to obtain the
> > information by discovery in the action; or
> >
> > (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Fed. R. Civ. P. 26(b)(2)(C). "Although the federal courts have adopted liberal discovery rules,

district courts, nevertheless, are empowered with 'broad discretion to manage discovery.'"

*Thompson v. Glenmede Tr. Co.*, No. CIV. A. 92-5233, 1995 WL 752422, at *2 (E.D. Pa. Dec. 19,

1995) (quoting *Sempier v. Johnson & Higgins*, 45 F.3d 724, 734 (3d Cir. 1995).

After a party "has in good faith conferred or attempted to confer with the person or party

failing to make disclosure or discovery in an effort to obtain it without court action," that party

may, "on notice to other parties and all affected persons," move for an order compelling disclosure

or discovery. Fed. R. Civ. P. 37(a)(1). If a motion to compel is granted, subject to certain

exceptions, "the court must, after giving an opportunity to be heard, require the party or deponent

whose conduct necessitated the motion, the party or attorney advising that conduct or both to pay

the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed.

R. Civ. P. 37(a)(5)(A). If the motion is denied, a court may "issue any protective order authorized

under Rule 26(c) and must, after giving an opportunity to be heard, require the movant, the attorney

filing the motion, or both to pay the party or deponent who opposed the motion its reasonable

expenses incurred in opposing the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(B).

"If the motion is granted in part and denied in part, the court may issue any protective order authorized under Rule 26(c) and may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." Fed. R. Civ. P. 37(a)(5)(C).

Further, where a party has failed to sufficiently respond to interrogatories or requests for production, a court may, on motion, order sanctions against that party. Fed. R. Civ. P. 37(d)(1)(A)(ii). Unless the party who has failed to respond has filed a pending motion for a protective order, that party's failure to respond is not excused merely on the ground that the discovery sought is objectionable. Fed. R. Civ. P. 37(d)(2). Following consideration of such a motion, the Court may issue sanctions, including:

> [A]ny of the orders listed in Rule 37(b)(2)(A)(i)-(vi). Instead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(d)(3).

Where a party has responded to discovery, that party has a duty to supplement its responses under Rule 26(e). If a party fails to adhere to that supplementation requirement, the Federal Rules of Civil Procedure provide:

> [T]he party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
>
>> (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
>>
>> (B) may inform the jury of the party's failure; and
>>
>> (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

Fed. R. Civ. P. 37(c)(1).

If a party fails to comply with an order of court requiring that party to provide or permit discovery, a court may enter an order:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

> (iii) striking pleadings in whole or in part;

> (iv) staying further proceedings until the order is obeyed;

> (v) dismissing the action or proceeding in whole or in part;

> (vi) rendering a default judgment against the disobedient party; or

> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A).

With respect to the entry of default judgment as a sanction for failure to participate in discovery, the United States District Court for the Eastern District of Pennsylvania has aptly explained:

> Rule 37(b)(2) authorizes district courts to impose sanctions when a party "fails to obey an order to provide or permit discovery," including the entry of default judgment against the noncompliant party. Fed. R. Civ. P. 37(b)(2)(A)(vi). Rule 55 provides district courts with the authority to enter a default judgment against a party that "has failed to . . . defend" the action. *See* Fed. R. Civ. P. 55(a). Entry of default judgment under Rule 55 is not limited to situations where a party fails to respond to a complaint; it is also appropriate where a party fails to comply with the Court's unambiguous order. *Malibu Media, LLC v. Paek*, No. 13-2766, 2015 WL 779494, at *2 (E.D. Pa. Feb. 23, 2015) (citing *Hoxworth v. Blinder, Robinson & Co.*, 980 F.2d 912, 918-19 (3d Cir. 1992)).

> Courts in the Third Circuit use the *Poulis* factors to determine if the entry of default judgment is an appropriate sanction. These factors govern entry of a default as a sanction under both Rule 37(b)(2) and Rule 55. The relevant factors are: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary; (3) history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of alternative sanctions; and (6) the

meritoriousness of the claim or defense. *See Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863, 868-70 (3d Cir. 1984). No single factor is dispositive, nor do all need to be satisfied. *See Briscoe v. Klaus*, 538 F.3d 252, 263 (3d Cir. 2008).

*Philly Opportunity Fund, LLC v. Barach*, No. CV 20-3462, 2021 WL 5863590, at *1 n.1 (E.D. Pa. July 1, 2021).

### III.    Discussion

As noted, RIG seeks two forms of relief: (1) an order compelling Rogers to respond to discovery; and (2) an order imposing various forms of sanctions on Rogers for his failure to comply with his discovery obligations to date. The Court will address each in turn.

### A.    RIG's Motion to Compel

It bears noting that RIG acknowledges that, on January 10, 2025, Rogers produced 1,045 pages of text messages between Rogers and Hansel and 158 pages of additional text messages between Rogers and Hadad. ECF No. 139 at 5. RIG asserts, however, that Rogers has still not fully complied with this Court's Memorandum Order directing Rogers to *fully* respond to RIG's requests for production, specifically identifying the following deficiencies in Rogers's responses:

> (a) [T]he failure to produce any attachments to [] text messages; (b) [the failure to produce] [Microsoft Teams account] messages to or from clients, customers[,] or current or former employees of RIG; and (c) [the failure to produce] emails from Rogers's Lochner email address sent to or received from clients, customers[,] or current or former employees of RIG.

*Id.* at 6. In a subsequent meet and confer between counsel, Rogers represented that he would produce text message attachments, but would not provide communications with clients, customers, or current or former employees of RIG. *Id.* After the Motion to Compel was filed, Rogers produced dozens of text message attachments, and, thus, such documents no longer seem to be at issue. ECF No. 145 at 1.

While the Court acknowledges that discovery to date has proven tumultuous and slow-going, the Court also acknowledges the positive development of the production of more than 1,200 pages of responsive text messages and related attachments earlier this year.  What RIG now seeks is an order requiring Rogers to produce all emails and Teams messages relating to "communications with customers, clients[,] or current or former employees of RIG and that otherwise refer to RIG documents."  ECF No. 139 at 12-13.  RIG also seeks permission to serve a "new, more limited subpoena on Lochner[,]" as well as an order directing Rogers "to provide his iPhone, Lochner laptop[,] and Teams account to counsel for RIG to be examined, at Rogers'[s] cost, by an independent computer forensic firm chosen by RIG[,]" ECF No. 139-1 at 1.  Because the Court will order Rogers to search for and provide the information at issue, the Court denies without prejudice RIG's requests to serve a subpoena on Lochner and to take possession of Rogers's laptop, cell phone, and Teams account.  Should Rogers fail to comply with this Memorandum Order, or should the Court conclude that he has made an incomplete production respecting responsive emails or Teams messages in his possession, custody, *or* control, RIG may renew its requests respecting an updated subpoena and possession of Rogers's laptop, cell phone, and Teams account.

The request for production at issue herein includes:

32.  All Documents that refer to or reflect Communications between Rogers and any of RIG's customers, clients, or current and/or former employees from November 1, 2022 to the present.

ECF No. 139-2 at 11.  In (improperly) responding to this request by filing discovery materials on the docket, Rogers responded as follows on November 19, 2024:

32.  This request is overly broad and vague.  From November 1, 2022 - December 28, 2022, when Mr.  Rogers was terminated by RIG, Mr. Rogers acted completely in accordance with his employment as a[] dutiful agent of RIG.  He has no access to any communication records nor has any accurate memory of his communications

with RIG's customers, clients, or current and/or former employees. However, he is certain that all of his communications during this period were in accordance with his exemplary employment. From December 28, 2022 - present, Mr. Rogers has had *numerous communications with individuals that were customers and clients of RIG, both in personal and professional nature.* Mr. Rogers has also had *communications with current and/or former employees of RIG.* As Mr. Rogers was under no employment agreement with RIG, he was and is free to speak about his experience working at RIG and he was and is free to recruit any individuals as he sees fit. *Mr. Rogers would gladly provide communications between certain individuals that the plaintiff requests.* Please provide a narrowly tailored list directly related to the allegations.

ECF No. 123 at 4 (emphasis added). In (again improperly) supplementing his response on the docket, Rogers provided as follows on December 31, 2024:

8. In regard to his responses to Request Nos. 27, 29 and 32, while Rogers has spoken truthfully about his experience at RIG, he is in *possession* of no responsive documentation and will again furnish the search results to Plaintiff.

ECF No. 133 at 3 (emphasis added).

To be clear, Rogers's overbreadth and vagueness objections are overruled. The Court has twice ordered Rogers to fully respond to outstanding discovery requests due to his failure to respond to discovery motions. The Court will not disturb those orders. Rogers shall fully respond to request for production no. 32, and any failure to comply with this Memorandum Order will result in attentive consideration of harsher sanctions than those provided for herein.

The Court further notes that Rule 34 permits a party to serve a request to produce documents in the "possession, custody *or*[,] control," and not just in the possession, of the party upon whom the request is served. Fed. R. Civ. P. 34(a)(1) (emphasis added). The Court is, quite frankly, highly dubious of Rogers's assertion that he does not have in his possession, custody, *or* control any emails from his email address with his current employer responsive to request no. 32. Respectfully, that is particularly true here, where Rogers initially represented in response to request no. 32 that he "has had numerous communications with individuals that were customers and clients

of RIG, both in personal and professional nature[,]" that he "has also had communications with current and/or former employees of RIG[,]" and that he "would gladly provide communications between certain individuals that the plaintiff requests." *See* ECF No. 123 at 4.

Adding to the Court's reservations respecting the sincerity of Rogers's assertion that he has searched for and has not located responsive emails and Teams messages to request no. 32 is the following statement in Rogers's Response to the pending Motion:

> I do not know what type of additional information RIG is looking for from Rogers[,] but they seem to be focusing on emails from and to Lochner. Originally when I responded to RIG's request for information from Rogers, if I had it, I would produce it. *I did not possess any information responsive to their request and I said so. Now that should have stopped the inquiry[,] but I took it one step further --- I unilaterally volunteered that I would hire a data company to furnish additional information if available.* (Bear in mind at this point that I have never heard of or used a data information company for any reason.). I knew we had nothing to hide so I hired Bit-x-Bit Data Company. *This produced over 1200 pages of data which, according to RIG, was incredibly damning text messages.* (ECF 140) (If RIG files a reply to this response, I would like them to state what the incredibly damning text messages were.)

ECF No. 141 at 2-3 (emphasis added). This statement seemingly betrays not only a fundamental misunderstanding of the discovery rules, which require the type of inquiry that Rogers undertook with respect to text messages, but also basic logic. In one breath, Rogers states that he should have been taken at his word that he possessed no responsive information, i.e., "I did not possess any information responsive to their request and I said so. Now that should have stopped the inquiry." *Id.* at 2. In the next, he states that he searched a bit deeper and found 1,200 pages of responsive text messages. Again, Rogers must produce responsive information that is in his possession, custody, *or* control. His focus on the "possession" aspect of Rule 34 strikes the Court as an attempt at clever gamesmanship. Based upon the record before the Court and Rogers's own statements, the Court believes that it is not only possible, but likely, that a search of Rogers's Lochner email and Teams account may result in a production similar to the text message

10

production.  At this juncture, it appears that Rogers has not even attempted to locate responsive emails/Teams messages to date.  The same is, frankly, inexcusable in light of the Court's prior Orders.

Rogers proceeds at his own peril should he again assert that he has no responsive emails or messages in his possession, custody, *or* control, or should the Court conclude that he has made an incomplete production respecting responsive emails or Teams messages in his possession, custody, or control.  Again, the Court will entertain renewed requests for possession of Rogers's laptop and cell phone and a renewed subpoena on Lochner should Rogers advance such an assertion.  If it is ultimately determined that Rogers failed to produce something in his possession, custody, or control as required by this Memorandum Order, the Court will entertain imposing sanctions for such a discovery violation.

Rogers is hereby ordered to produce: (1) Microsoft Teams account messages to or from clients, customers, or current or former employees of RIG; and (2) emails from Rogers's Lochner email address sent to or received from clients, customers, or current or former employees of RIG.  The same shall be provided to RIG within **twenty-eight days**.  Rogers shall not file any discovery materials on the docket.  While the meet and confer process has proven consistently unsuccessful in this case, the Court is without sufficient argument as to the search terms that might be appropriate for the emails and Teams messages at issue.  Accordingly, the Court again urges *both* parties to be reasonable in discussing the same ahead of production.  Should either party ultimately be found to have been unreasonable in the search term process, the Court will entertain awarding sanctions against that party.  When search terms are decided upon, Rogers shall also redouble his efforts in searching his text messages using the new terms, if warranted.

### B.  RIG's Motion for Sanctions

RIG asserts that certain of the documents produced recently by Rogers are "smoking guns" that would have supported RIG's case against both Rogers and, in particular, Hansel (with whom RIG settled and who it dismissed with prejudice prior to Rogers's production), and seeks sanctions that will serve the following purposes:

> (a) [C]ompensate RIG for the unnecessary expenses it has incurred and for the interference with its ability to pursue its case against Hansel, (b) prevent Rogers'[s] further noncompliance with Court orders, and (c) deter others from similarly violating their litigation obligations.

ECF No. 139 at 2.

Initially, the Court will not award sanctions on the basis that, absent Rogers's disregard of his discovery responsibilities, RIG might not have settled with Hansel and instead may have pursued its case against him. RIG is a sophisticated litigant that is represented by counsel. RIG made the decision to settle with Hansel while discovery as to all Defendants was ongoing and during a period of time where RIG believed that Rogers had not yet fully responded to discovery. According to RIG's Motion, nearly all of the text messages at issue were sent between Rogers *and* Hansel, thus indicating that Hansel too had withheld the text messages. In short, RIG made the choice to settle with Hansel at a time when it knew full well that discovery was outstanding and could yet reveal information useful to its case against each of the Defendants. RIG cites no case law supporting its request for sanctions on this basis, and Rogers will not be sanctioned on that basis.

Similarly, RIG chose to conduct Rogers's deposition while written discovery remained outstanding. *See* ECF No. 139 at 4. The Court will not award costs associated with a reconvened deposition, though it agrees that a subsequent deposition is likely appropriate given the delayed production of text messages and the discovery compelled by way of this Memorandum Opinion. Further, the Court will not enter judgment in RIG's favor as a discovery sanction. While RIG

argues that Rogers has purportedly belatedly admitted to misappropriating trade secrets, *see* ECF No. 145 at 6, the same is ultimately a merits issue to be addressed at summary judgment, not a basis for a default judgment sanction for discovery violations.

The Court will, however, award fees and costs associated with the present Motion, as well the previous Motion filed at ECF No. 127. The Court declined to award sanctions in ruling on the previous Motion, but noted that, should further motion practice prove necessary, RIG could renew its sanction request. Because Rogers has not complied with the prior Memorandum Order, the Court will award reasonable fees and costs associated with the preparation and filing of the following docket entries: ECF Nos. 127; 139; and 145. On this record, the Court believes that a sanction against both counsel and client is now appropriate. Counsel shall pay 50% of the imposed sanction. RIG and Rogers are hereby directed to confer in an effort to discuss an appropriate total monetary sanction without Court involvement. To the extent that RIG and Rogers are able to resolve the issue on their own, they shall file a status report by **May 19, 2025**. To the extent that they are not, RIG may submit its fee request for review by **May 19, 2025**, and Rogers shall respond by **May 23, 2025**.

## IV. Conclusion

For the reasons discussed above, it is hereby ORDERED that RIG's Motion is granted in part as explained above. A telephonic status conference to discuss the rescheduling of discovery deadlines is hereby scheduled for **May 28, 2025 at 9:00 a.m.** The parties shall file a joint status report with their joint or respective discovery deadline proposals by **May 23, 2025**.

BY THE COURT:

*/s/Robert J. Colville*
Robert J. Colville
United States District Judge

DATED: May 8, 2025
cc: All counsel of record

13